Franklin Bien, for appellant.
Herbert B. Shoemaker, for respondents.

GOODRICH, P. J. The plaintiffs, who are attorneys at law, sue-
for $560, on quantum meruit, for professional services rendered by
them for the defendant in an action brought against him by Franklin·
Paine in the United States circuit court. The answer denied the ren-
dition of services to him individually and solely, and alleged that it
was agreed that the services should be paid for, one-half by one
Duryea, and one-half by the defendant, and that, the plaintiffs having
rendered a bill for $375, the defendant tendered one-half that amount.
It was not alleged that the defendant had made any payment of the·
amount into court, or had continued in readiness to pay the same.
The jury rendered a verdict for $400 and interest, and the defendant
appeals.

At the trial a stipulation between the parties was offered in evi-
dence,—that the defendant's attorney had "tendered to plaintiffs-
$187.50 in U. S. currency, at the same time stating, 'At the request
of Mr. Loeb, I herewith tender to you the sum of $187.50 in payment
of all claims that you have against him,' and the plaintiffs thereupon
declined to accept the same in payment of all claims"; the plaintiffs·
reserving the same rights to object to the admission of the stipula-
tion in evidence that they would have had to the admission of evi-
dence of the fact admitted, had not the stipulation been made. The·
tender was not unconditional. It was an offer of money in settle-
ment of all claim. This does not constitute a tender. Noyes v.
Wyckoff, 114 N. Y. 204, 21 N. E. 158. Nor was any offer made to·
pay the amount at the trial. Besides, the jury found the value of
the plaintiffs' services to have been more than twice the amount of·
the offer, so even a valid tender of the amount offered would not
have been a good defense to the action. This disposes of all excep-
tions to the refusal of the court to allow evidence on the subject of·
a tender.

The plaintiffs were not concluded as to the value of their services
by the bill for $375 rendered by them, as the amount was neither paid
nor tendered. Williams v. Glenny, 16 N. Y. 389. We have examined
the exceptions respecting evidence and charge, and find none tenable..
The judgment and order should be affirmed.

Judgment and order affirmed, with costs. All concur.

---

(59 App. Div. 132.)

FENNIKOL v. GUNN.

(Supreme Court, Appellate Division, Second Department. March 8, 1901.)

1. CONTRACT—CONDITIONAL SALES—PASSING TITLE—DELIVERY OF NOTES FOR:
PRICE—EXECUTION—REPLEVIN.
    Where a contract recited that the first party "sells" to the second par-
    ties a certain grocery store on conditions named, and the first party
    agreed to give the purchasers a clear bill of sale when the total amount
    of the purchase price was paid, and the purchasers went into possession
    and gave their notes for the purchase price, none of which were paid, the--

title to the grocery stock did not pass to the purchasers, since the intention of the parties appeared to be that it should not pass till the full price was paid, and the mere delivery of the notes was not enough to vest title; hence the seller could replevy such grocery stock, seized by a marshal as the property of the purchasers.

2. SAME—EXECUTION CREDITOR—MARSHAL—BONA FIDE PURCHASER.

Under Laws 1897, c. 418, § 112, providing that conditional sales of property, the possession of which is given to the conditional purchaser, shall be void, as against subsequent purchasers in good faith, unless the contracts of sale are filed as required, a conditional sale not recorded was not void as against the execution creditor of the purchasers in possession, nor the marshal seizing the goods so sold, neither being purchasers for value.

Appeal from municipal court, borough of Brooklyn.

Action by Henry Fennikoh against Thomas F. Gunn. From a judgment in favor of defendant, plaintiff appeals. Reversed.

Argued before GOODRICH, P. J., and WOODWARD, HIRSCHBERG, JENKS, and SEWELL, JJ.

John P. Donnelly, for appellant.

William J. Bogenshutz, for respondent.

JENKS, J. The plaintiff appeals from a judgment of the municipal court dismissing his action for replevin on the merits. The action is against a city marshal, who in August, 1900, levied under an execution against one Mohneke upon certain goods and chattels in a grocery shop. In May, 1900, the plaintiff, who was the owner thereof, executed the following agreement:

"This agreement, entered into this 8th day of May, 1900, between H. Fennikoh, of the borough of Brooklyn, county of Kings, city and state of New York, party of the first part, and Louis Mohneke and Henry Mohneke, of the same place, parties of the second part: For and in consideration of the sum of one dollar the party of the first part sells unto the parties of the second part, upon conditions hereafter named, all the rights, title, and interest of grocery store No. 116 Berry street, Brooklyn. The parties of the second part shall devote their time and energy to the attendance and care of the said grocery store. All purchases of stock shall be made by them only upon approval of party of first part. The purchase price of said business shall be two thousand and two hundred dollars ($2,200), payable every month, for which the parties of the second part shall give demand notes for $50 each. The parties of the second part also agree to pay to party of the first part once every week all money due for goods purchased by them in the name of the party of the first part, and party of the first part return receipted bills of said goods purchased. The parties of the second part shall pay the monthly rent due; also all other expenses necessary to properly conduct the business. The party of the first part shall have the privilege of purchasing all necessary goods from the parties of the second part at wholesale price,—only, though, until the above amount be paid. The parties of the second part shall always maintain the equal amount of stock to warrant the payment of any deficiency that may arise in the payments as agreed. The parties of the second part shall remain in peaceful possession as long as they pay to party of the first part all moneys due, and keep the stock in as good condition as when received by them. The party of the first part agrees to give to parties of the second part a free and clear bill of sale when total amount of two thousand two hundred dollars ($2,200) is paid in full."

The notes had been given, and the Mohnekes entered into possession under the agreement. I think that the intention of the parties contemplated only a conditional sale until the payment of the purchase price. The provision in the agreement that when that price

is paid in full a bill of sale will be given is inconsistent with the claim that the title was to pass when the agreement was made. Boon v. Moss, 70 N. Y. 465, 473. And the use of the term "sell" does not necessarily import an executed contract. Anderson v. Read, 106 N. Y. 333, 13 N. E. 292. The plaintiff testified that no part of the notes had been paid. So, therefore, there is no complication due to a partial payment of the consideration, while the mere delivery of the notes itself is not enough to vest the title, in face of the express provision of the agreement that a bill of sale would be executed when the purchase price was paid. Manufacturing Co. v. Walker, 114 N. Y. 7, 20 N. E. 625. It was entirely permissible for the parties to enter into this transaction, which contemplated the delivery of the chattels to the vendee. Cole v. Mann, 62 N. Y. 1; Supply Co. v. Schirmer, 136 N. Y. 305, 32 N. E. 849. Even if there was not compliance with section 112, art. 9, of the lien law, it does not appear that the execution creditor came within its purview, while neither he nor the sheriff was a purchaser for value simply by reason of the seizure. Wise v. Grant, 140 N. Y. 593, 596, 35 N. E. 1078. Assuming that the instrument can be regarded as a chattel mortgage, and so subject to the provisions of sections 90 and 95 of article 8 of the lien law (chapter 418, Laws 1897), and that it was not filed, I fail to see how this would avail the creditor; for it does not appear when Mohneke's debt was contracted, or but that his creditor was merely a creditor at large. Bullard v. Kenyon (Sup.) 21 N. Y. Supp. 32; Button v. Rathbone, Sard & Co., 126 N. Y. 187, 191, 27 N. E. 266. Therefore he is in no position to raise the point. I think that it was not shown that the judgment debtor had any leviable interest in the property, and therefore the action will lie. Burchell v. Green, 6 Misc. Rep. 236, 27 N. Y. Supp. 82, affirmed in 80 Hun, 602, 29 N. Y. Supp. 1141.

The judgment of the municipal court should be reversed, and new trial ordered; costs to abide the event. All concur.