# Louisville & Nashville R. R. Co. *v.* Kauffman & Co.

## *Action of Trover.*

1. *Conditional sale when title passed.*—Where an article of merchandise is sold to a purchaser on approval, and it is stipulated between the parties that the transaction is to become a sale, if, after receiving the merchandise and examining and testing it, the purchaser should be satisfied with its quality, and until such time the title thereto should remain in the seller, such transaction constitutes a conditional sale, and if the goods are never received by the purchaser, and they are never examined or tested by him, the title to the goods remain in the seller.

2. *Action of trover; judgment of court without jury.*—In an action of trover, where there is conflict in the evidence as to whether or not the plaintiff made a demand for the property upon the defendant before the institution of the suit, and the defendant refused to surrender such property, if the cause is tried by the court without the intervention of a jury, it cannot be said that the judgment in favor of the plaintiff is erroneous.

APPEAL from the City Court of Birmingham.

Tried before the Hon. CHARLES A. SENN.

This was an action of trover brought by the appellee, Kauffman & Company, against the Louisville & Nashville Railroad Company, to recover damages for the alleged conversion of a barrel of whisky. On the trial of

the cause, the following facts were shown: Kauffman & Company made a contract with one John Caretti, by which it was agreed to send him from Cincinnati, Ohio, a barrel of whiskey upon approval, and in the contract it was agreed between the parties that the appellee should ship the whiskey by freight, paying the freight thereon, and that upon its arrival at Ensley City, Alabama, the said Carretti was to take the whiskey to his place of business and try it, and test it, and if it suited him, the appellee agreed that he might purchase it at a figure and price then fixed.

The plaintiff in the court below testified, and it was not contradicted, that the question of a sale or not was left to be determined after Carretti had received the goods and tried and tested them. The evidence for plaintiff further tended to show that the plaintiff in the court below shipped from Cincinnati to Ensley City, consigned to John Carretti one barrel of whiskey, over the defendant railroad line, and paid the charges thereon, and that the appellant failed to deliver said barrel of whiskey to Carretti, but instead, delivered to him another barrel of whiskey which had been shipped to some other party who was in no way connected with this transaction. Some 60 or 90 days thereafter, plaintiff in the court below discovered the mistake, and located the barrel of whiskey in the defendant's possession in its warehouse at Ensley, Alabama, and thereupon, made demand upon defendant's agent for the return to the plaintiff of the barrel of whiskey.

There was evidence introduced on the part of the defendant tending to show that the plaintiff had never made any demand upon the railroad company for the return of the whiskey.

The cause was tried by the court without the intervention of the jury, and upon the hearing of all the evidence, the court rendered judgment for the plaintiffs. The defendant appeals and assigns the rendition of the judgment as error.

W. I. GRUBB, for appellant.—Cited *Ellington v. Smith*, 66 Ala. 398; *Cross v. O'Donnell*, 44 N. Y. 661; *Caulkins*

*v. Hellmann,* 47 N. Y. 449; Mecham on Sales, Sec. 1181 p. 1029; *A. G. S. R. R. Co. v. Mt. Vernon Co.,* 84 Ala. 177.

M. M. ULLMAN, *contra.*—Cited American & Eng. Ency. Law, Vol. 6, (2d ed.) p. 462; *S. & N. R. R. Co. v. Wood,* 72 Ala. 451; *Southern Express Co. v. Caperton,* 44 Ala. 101.

McCLELLAN, C. J.—On the testimony of Kauffman, the transaction between his firm and Carretti was a sale on approval, that is, it was to become a sale if Carretti upon receiving the whiskey and examining and testing it should be satisfied with its quality. 'Till then the title remained in Kauffman & Company. Carretti never did receive the whiskey, nor examine it nor test it. The title, therefore, could not have passed to him, but continued in Kauffman & Company, and, of course, entitles them to recover in this action of trover, so far as that point is concerned.—6 Am. & Eng. Ency. Law, pp. 462, 466 and notes.

To make out the alleged conversion it was upon the plaintiff to prove a demand for the property on the defendant and a refusal by the defendant to surrender it. As to the demand the evidence is in direct conflict, one witness testifying that he made the demand for the plaintiff being himself one of them, on the agent of the defendant having custody of the property, and this agent testified that no demand was made upon him. A part of this evidence was oral, and we are unable to affirm that the court, trying the case without a jury, erred in the conclusion that a demand was made. Considering demand, therefore, as a fact proved, the further undisputed fact that the property was not and never has been delivered to the plaintiff but was in defendant's possession at the time of the trial, fully justified the court in the conclusion that the defendant in response to the demand refused to surrender the property.

Affirmed.

HARALSON, DOWDELL and DENSON, J.J., concurring.