GREENWAULD CHAMPENOIS *v.* PHINEAS TINSLEY ET AL.

[42 South., 89.]

1. SALES. *Conditional sale. Reservation of title. Waiver.. Mortgage.*
   The retention by the seller of title to personal property condition-
   ally sold to secure the purchase money is not waived by his
   contemporaneously taking a mortgage from the buyer upon the
   same and other property to secure the debt.

2. SAME. *Implied waivers.*
   The doctrine of implied waiver can be invoked to defeat implied
   liens, not express ones.

FROM the circuit court of Lauderdale county.

HON. ROBERT F. COCHRAN, Judge.

Tinsley and others, the appellees, were plaintiffs in the court
below; Champenois, the appellant, was defendant there. The
suit was an action of replevin, and plaintiffs recovered a judg-
ment from which defendant appealed to the supreme court.
The facts are fully stated in the opinion of the court.

*F. V. Brahan,* for appellants.

It is well settled in this state that the taking of promissory
notes for personal property where the title to the property is
to remain in the seller, or does not pass to the buyer until the
note is paid, is valid. Brame & Alexander's Digest 1048
and cases cited, also 83 Miss., 362.

In *Ketchum* v. *Brennan,* 53 Miss., 596, it is held "Where by
the contract of sale of personal property, the possession is given
to the vendee, while the vendor retains the title until the pur-
chase money, due in installments, is paid in full, the right of
the vendor, as reserved by the contract, will be protected against
a *bona fide* purchaser from the vendee, unless he has in some
way waived the condition, or done or suffered something to
mislead the purchaser from his vendee."

It is not shown by this record, that appellants "waived the condition of their note or did or suffered anything done to mislead the purchaser from his vendee."

It is contended, however, that the taking of the deed of trust was a waiver of the note, and further, that as the deed of trust was not recorded until June 15, 1905, after Cunningham sold the mule to Brennan, that appellees are protected by sec. 2457 of the code which provides for the record of conveyances, and says "All deeds of trust and mortgages, whatsoever, shall be void as to all creditors and subsequent purchasers for valuable consideration without notice, unless they be acknowledged, or proved, and lodged with the clerk of the chancery court of the proper county to be recorded," etc.

How is it to be determined as to whether the taking of the deed of trust was a waiver of the note? If by the facts, then the record shows expressly that there was no agreement or understanding between appellants and Cunningham that such was to be the case, and the record further shows the sole and only reason why appellants took the deed of trust, was to have other security in the event of the uncle's death. There was certainly nothing done, or suffered to be done by appellants that was misleading to appellees (the purchasers from their vendee); on the contrary, about August 1, 1905, the time appellees claim to have bought the mule, appellant's deed of trust was on record, having been recorded on June 15, 1905, and appellees could have easily ascertained the fact of the existence of the deed of trust, had they used due diligence.

The agreed statement of facts in this case shows that appellees surrendered possession of the mule to appellant's trustee without protest or resistance of any kind, impliedly, admitting their superior right, but subsequently, brought suit for the mule. The cases of "Waiver," Brame's Digest, 1231, are cases in which the statutory lien was held to have been waived by taking other security, but I have found no cases in point, with the instant case, and I submit to the court that the

judgment of the lower court is unjust to appellants and that they should be permitted to retake their mule unless it is paid for, and I ask the court to reverse and remand the cause or enter the proper judgment. 54 Miss., 31, 57 Miss., 756.

No counsel appeared for the appellees.

CALHOON, J., delivered the opinion of the court.

On March 8, 1905, one Cunningham bought a mule from appellant, and gave his note for the purchase price, which stated that the title did not pass, but remained in Champenois until payment. Contemporaneously Cunningham executed a trust deed to secure the payment to the payee, which trust conveyance included the mule and also other property. Before this instrument was recorded, Cunningham sold the mule to an innocent purchaser, and through three or four successive sales it came to the Tinsleys, the appellees. The note not being paid at maturity, the mule was taken from the Tinsleys by the trustee without objection, sold by him, and bought by the appellant. The Tinsleys brought replevin, and the court sustained them, and decided that the mule was their property.

We do not concur in this conclusion. The doctrine of implied waiver in matters of this sort can only be invoked to defeat implied liens of vendors, liens given by courts of equity in the absence of express contract. Where there is express contract that the title be retained in the vendor, it is not waived by him by implication because he took the security of a trust deed. 29 Ency. (2d ed.) 776, and note 2, We have not seen a case contravening this view.

*Reversed and remanded.*