[Civil No. 1812.   Filed January 10, 1921.]

[194 Pac. 336.]

## McARTHUR BROTHERS MERCANTILE COM-PANY, a Corporation, Appellant, v. FRANCISCO HAGIHARA, Appellee.

1. CHATTEL MORTGAGES — CONTRACT HELD "CONDITIONAL SALE" AND NOT ABSOLUTE SALE WITH MORTGAGE BACK—A contract for the sale of an automobile providing for payment in installments, authorizing the seller to retake possession in case of default, etc., and apply payments as compensation for the use and depreciation of value, reserving title in the seller until full payment, and providing for the giving of a bill of sale after full payment, *held* a "conditional sale" and not an absolute sale with a mortgage back as security.

2. SALES—RESERVATION OF TITLE UNTIL PAYMENT IS LAWFUL.—A provision in a contract of sale that title shall remain in the vendor until the purchase price as evidenced by installment notes is fully paid, is lawful.

3. SALES—CONDITIONAL SALE NOT RENDERED ABSOLUTE BECAUSE NOTES REQUIRED ON WHICH BUYER WAS ABSOLUTELY LIABLE.—A contract of conditional sale did not become an absolute sale because the buyer was required to give notes for the price which he was absolutely bound to pay.

4. SALES—NOTES UNDER CONDITIONAL SALE CONTRACT HELD NOT PAYMENT.—Under a contract of conditional sale reserving title until payment and providing that the payments to be made should be evidenced by notes, the notes did not themselves constitute payment, so as to make the transaction an absolute sale.

5. SALES—RESERVATION OF TITLE NOT WAIVED BY TAKING NOTES INDORSED BY SOLVENT SURETY.—Under a conditional contract of sale reserving title in the vendor until payment, the vendor does not waive his retention of title by taking notes for the deferred payments indorsed by a responsible surety.

6. SALES—BUYER UNDER CONDITIONAL SALE NOT ENTITLED TO SUE FOR CONVERSION WHEN SELLER RETAKES OR RESELLS PROPERTY.—As, under a contract of conditional sale reserving title in the seller

---

3.   On purchase-money note taken from vendee as affecting contract of conditional sale, see notes in **Ann. Cas. 1916A, 331; 13 A. L. R. 1044.**

On effect of taking collateral security upon conditional sale, see notes in 16 **Ann. Cas. 216; Ann. Cas. 1916A, 266; 20 L. R. A. (N. S.) 1065.**

until payment in full, the buyer had no title, he could not maintain trover for conversion when the seller retook the property and sold it to another.

7. SALES—CONDITIONAL SALES ACT NOT APPLICABLE TO CONTRACT MADE IN 1917.—The Uniform Conditional Sales Act had no application to a contract executed in November, 1917.

APPEAL from a judgment of the Superior Court of the County of Maricopa. Alfred C. Lockwood, Judge. Judgment reversed, with directions.

### STATEMENT OF FACTS.

The plaintiff, Francisco Hagihara, brought this action against the defendant, McArthur Brothers Mercantile Company, a corporation, to recover damages for the alleged conversion of an automobile. From a judgment, in favor of the plaintiff, in the sum of eight hundred and fifty dollars, and sixteen dollars and twenty cents costs, the defendant prosecutes this appeal.

The facts were stipulated, from which it appears that Hagihara bought the automobile from the defendant, under a written agreement, the essential terms of which are as follows:

"(1) The party of the second part agrees to purchase from the party of the first part, and the party of the first part agrees to sell to the party of the second part the following described personal property, to wit: One (1) Dodge Tour car automobile, engine numbered 248324 and serial number 197469, the use of which is let to the party of the second part; and this agreement is made upon and subject to the covenants and agreements hereinafter contained.

"(2) The party of the second part agrees to pay to the party of the first part in gold coin of the United States the sum of nine hundred eighty and no/100 dollars being the total purchase price for said above-described personal property, said payment of nine hundred eighty and no/100 dollars to be made to the party of the first part by the party of the second

part at the place of business of the party of the first part, in the city of Douglas, Cochise county, state of Arizona, as follows and three hundred thirty and no/100 dollars, cash paid down, the receipt of which is hereby acknowledged, and six hundred fifty and no/100 dollars in partial payment thereafter, on the following dates and in the following amounts, to-gether with interest thereon at the rate of ten per cent per annum, payable as follows, to wit:

| Due Jan. | January, | 1918 | $81.25 | and Int. from maturity |
| Due Feb. | February, | 1918 | $81.25 | and Int. from maturity |
| Due March | March | 1918 | $81.25 | and Int. from maturity |
| Due April | April, | 1918 | $81.25 | and Int. from maturity |
| Due May | May, | 1918 | $81.25 | and Int. from maturity |
| Due June | June, | 1918 | $81.25 | and Int. from maturity |
| Due July | July, | 1918 | $81.25 | and Int. from maturity |
| Due Aug. | | 191 | $ | and Int. |
| Due Sept. | | 191 | $ | and Int. |
| Due Oct. | | 191 | $ | and Int. |
| Due Nov. | | 191 | $ | and Int. |
| Due Dec. | December, | 1917 | $81.25 | and Int. from maturity |

\*       \*       \*       \*       \*       \*       \*       \*       \*

"(9) Should the party of the second part default in performing and observing any of the covenants or agreements herein contained, or in the event the party of the second part becomes financially involved or insolvent, or in the event the party of the first part at any time deems itself insecure the party of the second part agrees that the party of the first part, its successors or assigns may without notice to the party of the second part declare any and all payments herein provided for to be due and payable at once, and the party of the first part, its successors or assigns may without notice immediately take possession of said above-described personal property wherever found with or without process of law, and all payments made to the party of the first part, its successors or assigns, by the party of the second part shall belong to and be the property of the party of the first part, its successors or assigns, free and clear of any and all claims of the party of the second part, and said payments shall be construed to be and apply as compensation for depreciation of value

and for the use of said above-described personal property.

\*     \*     \*     \*     \*     \*     \*     \*     \*

"(11) It is hereby expressly understood and agreed by and between the parties hereto that the title to the above-described personal property shall remain in the party of the first part or its successors or assigns, to all intents and purposes, provided, however, that the said above-described personal property shall become and be the absolute property of the party of the second part upon the payment in full of the purchase price and interest hereby covenanted and agreed to be paid, and upon the full performance of all of the said covenants and agreements herein, the party of the first part, its successors or assigns, will execute to the party of the second part a bill of sale to the said personal property.

"(12) It is further understood and agreed by and between the parties that time shall be the essence of this contract. . . . ".

The notes were given, and Hagihara entered into possession of the automobile under the agreement. The notes were negotiable in form and bore the indorsement of a solvent or responsible party. Hagihara paid all of the installment notes provided for in the contract except the last two, due in June and July, 1918, aggregating $162.50. He defaulted in the payment of these notes, and after such default McArthur Brothers Mercantile Company peaceably retook possession of the automobile and thereafter disposed of it in the usual course of business; it not appearing to whom, or for what consideration. McArthur Brothers Company were in the actual possession of the two overdue and unpaid installment notes at the time of the trial of the case.

Messrs. Boyle & Pickett, for Appellant.

Messrs. Manatt & Stephenson, for Appellee.

BAKER, J. (After Stating the Facts as Above.)—The principal inquiry involved in this case is a very narrow one. The question is whether the contract recited shall be treated as a conditional sale of the automobile, or an absolute sale with a so-called mortgage back as security for the purchase price, as evidenced by the promissory notes. I think that the intention of the parties contemplated only a conditional sale until the payment of the purchase price.

"It is a distinguishing feature of the so-called conditional sale that the title to or property in the goods remains in the seller until payment of the price. . . . The security retained by the seller is not a lien, but a reservation of title and the right to pursue the property in specie." 35 Cyc. 652, 653.

Now, the contract in this case appears to have been carefully drawn, and it contains all of the elements of a conditional sale. There is a vendor and a vendee, an agreed price, an obligation of the vendee to pay the price, and an obligation of the vendor that upon condition that the vendee pays the agreed price, but not otherwise, the vendor shall execute to the vendee a bill of sale for the automobile and thus vest the title in the vendee. The provision in the contract that when the purchase price is paid in full a bill of sale will be given is utterly inconsistent with the claim that the title was to pass when the agreement was made or that there was an absolute sale. *Boon* v. *Moss,* 70 N. Y. 465, 473; *Fennikoh* v. *Gunn,* 59 App. Div. 132, 69 N. Y. Supp. 12.

Moreover, the contract in clear and distinct terms provides that the title to the automobile shall remain in the vendor until the purchase price, as evidenced by the several installment notes, shall be fully paid. This stipulation was perfectly lawful. *Wm. W. Bierce, Ltd.,* v. *Hutchins,* 205 U. S. 340, 51 L. Ed. 828, 27 Sup. Ct. Rep. 524; *Harkness* v. *Russell,* 118 U. S.

663, 667, 679, 30 L. Ed. 285, 7 Sup. Ct. Rep. 51 (see, also, Rose's U. S. Notes).  In *National Cash Register Co.* v. *Dehn,* 139 Mich. 406, 102 N. W. 965, it is very aptly said:

"If a man is willing to contract that he shall be liable for the whole value of a chattel before the title passes, there is nothing to prevent his doing so, and thereby binding himself to pay the whole sum."

The provision of the contract, last cited, discloses beyond cavil that the intention of the parties was to impose the precedent condition that the vendee should pay the full purchase price before title to the automobile should pass to him, thus clearly and distinctly evidencing a conditional sale.  The provision could have been inserted for no other purpose, and it can have no other effect, and, unless there be found some other term or clause in the contract nullifying or qualifying this clear provision, this language of itself is of controlling force in the construction of the contract.  I have to the utmost of my ability closely analyzed and critically examined the contract, but have been unable to discern, or find, any provision therein existing inconsistent with the idea that a conditional sale was intended by the parties, or that nullifies or qualifies the distinct provision that the title to the automobile should remain in the vendor until the vendee shall have paid the full purchase price.

It is argued that because the vendee was absolutely bound to pay the notes, and had no option to pay or refuse to pay, the contract became one of absolute sale.  This can hardly be true.  There can be no sale at all without an agreement, express or implied, to pay.  The purchaser's promise to pay is always absolute, otherwise there is no sale, but only an option.  It is well settled that requiring the vendee to give promissory notes for the deferred installments

of the purchase price is not inconsistent with the retention of title in the vendor pending payment of the notes, because the obligation to pay the notes is absolute. *Bailey* v. *Baker Ice Machine Co.*, 239 U. S. 268, 60 L. Ed. 275, 36 Sup. Ct. Rep. 50 (see, also, Rose's U. S. Notes); *Bierce* v. *Hutchins, supra; Harkness* v. *Russell, supra; Dunlop* v. *Mercer,* 156 Fed. 545, 86 C. C. A. 435. The Supreme Court of Colorado, however, seems to take an opposite view. *Andrews* v. *Colorado Savings Bank,* 20 Colo. 313, 46 Am. St. Rep. 291, 36 Pac. 902; *Clark* v. *Bright,* 30 Colo. 199, 69 Pac. 506.

Neither can it be said, under this contract, that the installment notes were received in payment of the automobile. The contract expressly declares that "the payments to be made" shall be evidenced by the notes, thus repelling the idea that the notes themselves constituted payment for the automobile. *Van Allen* v. *Francis,* 133 Cal. 474, 56 Pac. 339. For this reason the authorities cited, to the effect that the taking by the vendor from the vendee of negotiable instruments operates in some cases as the payment of the debt, are not at all applicable.

It is the contention of Hagihara that the security by way of retention of title was waived by the taking of the notes indorsed by a responsible surety. It is stated in 35 Cyc. 657, that—

"As a general rule, if the seller takes a mortgage or other security for the price, such act will be regarded as a waiver of the condition reserving the title and an election to consider the sale as absolute."

I venture to express a doubt that this is a correct statement of the rule of law. The great weight of authority is to the contrary. I think it safe to say that by the taking of security, personal or collateral, the vendor does not waive his retention of title. *Bierce* v. *Hutchins, supra; Monitor Drill Co.* v. *Mer-*

*cer,* 163 Fed. 943, 16 Ann. Cas. 214, 20 L. R. A. (N. S.) 1065, 90 C. C. A. 303; *Kimball* v. *Costa,* 76 Vt. 289, 104 Am. St. Rep. 937, 1 Ann. Cas. 610, 56 Atl. 1009; *Pettyplace* v. *Groton etc. Co.,* 103 Mich. 155, 61 N. W. 266; *Standard Steam Laundry* v. *Dole,* 22 Utah, 311, 61 Pac. 1103; *First National Bank* v. *Reid,* 122 Iowa, 280, 98 N. W. 107; *Champenois* v. *Tinsley,* 90 Miss. 38, 42 South. 89; *McDonald Automobile Co.* v. *Bicknell,* 129 Tenn. 493, Ann. Cas. 1916A, 265, 167 S. W. 108; *Dillon* v. *Grutt,* 38 Nev. 46, 144 Pac. 741; *Brown Carriage Co.* v. *Dowd,* 155 N. C. 307, 71 S. E. 721.

It is not necessary to decide whether the defendant can recover on the two installment notes remaining unpaid. That question is not involved in the case.

The action being trover for the conversion of the automobile, it was necessary for the plaintiff to establish title. This he failed to do. Under the express terms of the contract, the defendant had the right to retake the automobile as his own property upon the default of Hagihara to pay the installment notes when due; time being the essence of the contract.

The contract in this case was executed on the twenty-sixth day of November, 1917, and therefore the Uniform Conditional Sales Act of this state (Sess. Laws Ariz. 1919, p. 38) can have no application to its terms. It is so expressly provided in the act.

I know of no rule of law or principle of public policy forbidding the sort of a contract under consideration, because it may reserve unusual advantages to the vendor or impose unusual burdens upon the vendee, and I can see no reason why the contract should not be valid and binding upon the parties thereto. Indeed, it seems to me that good faith and good morals demand that the contract be carried out as the parties were content to make it.

It follows that the judgment of the lower court must be reversed, with directions to enter a judgment for the defendant.

ROSS, C. J., and McALISTER, J., concur.