[Civil No. 2087.   Filed July 21, 1923.]

[216 Pac. 1072.]

## THE O. S. STAPLEY COMPANY, a Corporation, Appellant, v. G. W. ROGERS and IVA M. ROGERS, Appellees.

1. SALES—WAIVING PROVISIONS OF UNIFORM CONDITIONAL SALES ACT HELD CONTRARY TO PUBLIC POLICY. — Uniform Conditional Sales Act, section 26, forbidding the buyer to enter any contract of waiver of certain provisions of such act, is a legislative declaration of a public policy, and buyer may not contract contrary to such policy.

2. SALES — PROVISION THAT CONDITIONAL SELLER COULD RETAIN, ON DEFAULT, PAYMENTS MADE AS RENT HELD NOT TO RELIEVE BUYER FROM LIABILITY FOR DEFICIENCY.—A conditional sale contract provision that on default the seller could seize and sell the property, apply the proceeds on the price, and "retain all payments . . . made as rent," *held* not to relieve buyer from liability for deficiency after such sale; being invalid as contrary to Uniform Conditional Sales Act, sections 16–22.

3. DAMAGES — ATTORNEY'S FEES NOT RECOVERABLE UNLESS UNDER STATUTE OR AGREEMENT.—Attorney's fees cannot be recovered from the losing party unless authorized by statute or express agreement of the parties.

See 17 C. J., p. 807; 35 Cyc. 673, 705.

APPEAL from a judgment of the Superior Court of the County of Maricopa. R. C. Stanford, Judge. Judgment reversed and cause remanded, with directions.

Messrs. Allen & Alldredge, for Appellant.

ROSS, J.—On the twenty-seventh day of September, 1920, the plaintiff, the O. S. Stapley Company, sold and delivered to G. W. Rogers a new International motor-truck, with the agreement that the title should remain in the seller until the full consideration of $3,490 had been paid. Upon that date defendant paid to the plaintiff $550 by turning in a second-hand Republic truck, $600 in trade acceptances, due October 27, 1920, and the balance with eighteen promissory notes of $130 each, payable monthly on the twenty-seventh day of each month, beginning with October 27, 1920. The notes were signed by defendant G. W. Rogers and Iva M. Rogers as the makers thereof. The defendant redeemed four of the $100 acceptances and paid five of the $130 notes, or all told $1,600. The defendant having defaulted in the payment of the notes due March, April, and May, on the twenty-seventh day of May, 1921, the plaintiff took possession of said truck, under chapter 40, page 48, Laws of 1919, known as the ''Uniform Conditional Sales Act,'' and, in conformity with the provisions of said act, advertised and sold said automobile truck, realizing therefor $675, which was credited upon said notes, leaving a balance still due and owing of $1,328. This suit was instituted to recover that amount from the signers of the note.

The answer admits the purchase of the automobile truck, at the price and on the terms and conditions as alleged in the complaint, but affirmatively sets out that because the plaintiff retook the machine and sold

it at public auction, and because the notes provided that in such event what was realized at the sale, together with whatever had been paid, should be retained by the plaintiff "as rent for the use of said property," no recovery could be had for any deficiency.

The court adopted the view of the defendant, and entered judgment against the plaintiff for costs and $75 attorney's fees.

The appellant contends that the court committed error in several respects. It is contended that judgment should have been entered on the evidence in favor of the plaintiff for the full amount of its demand.

The evidence consists of the conditional sale contract and the notes sued upon, the stipulation of the parties that the property was retaken by plaintiff and sold under the Uniform Conditional Sales Act, the testimony of two or three witnesses, immaterial except as showing amount of payments and balance due. The contract of purchase contained this provision:

"In case of failure to make any payment when due the entire balance of the purchase price and all notes given therefor shall, at the election of the seller, become at once due and payable. It is agreed that title to the property herein ordered shall not pass to the purchaser until the full purchase price, and all notes given therefor have been paid in cash, but nothing herein shall release the purchaser from payment therefor, and after delivery to the purchaser said property shall be held and used at his risk and expense with respect to loss or damage and taxes and charges of every kind."

And the condition of the notes relied upon by the defendants as the basis of their defense is as follows:

"If default is made in payment of this note when due, or if said property is misused or seized for my

debts, the holder of this note may seize and sell the same at public or private sale, with or without notice, pay all expenses thereby incurred, apply the net proceeds upon this and other notes given for the purchase price thereof, whether due or not, and retain all payments theretofore made as rent for the use of said property.''

That the contract in this case falls within the definition of a conditional sales contract, as defined by subdivision 1, section 1, of chapter 40, Laws of 1919, cannot be questioned. Under the agreement the possession of the motor-car was delivered to the buyer to become his at a subsequent time, upon the payment of the agreed price. Such being the nature of the contract, and it being stipulated that the procedure provided in the Uniform Conditional Sales Act was followed by the seller in this case, we think the rights of the parties hereto are controlled by the terms of that act.

The defendants have made no appearance nor filed any brief. We have not the advantage of their views in solving the question. They do not tell us why the provision in notes relied upon by them should prevail over the terms of the conditional sales contract. Obviously their contention was, however, that the parties had themselves, by the stipulation in the note, determined the penalty the buyer should suffer for defaulting, by providing that all he had paid and all realized out of a sale of the property should be treated ''as rent for the use of said property.''

The provision in the notes relied upon is in direct conflict with the spirit and letter of the Uniform Conditional Sales Act. It is provided by section 16 of the act that when default occurs in any payment due under the contract the seller may take possession of the property. If the buyer redeems by paying up within the time and in the manner set out in sections 17 and 18, he is permitted to continue in the

performance of his contract. But if the buyer does not redeem within the time the law fixes, and he has paid fifty per cent or more of the purchase price, it is mandatory on the seller to give notice, advertise and sell the property at public auction for account of buyer. If less than fifty per cent has been paid on the purchase price, the buyer may demand a public sale, which must be had, or the seller may voluntarily resell for account of buyer. Sections 19 and 20. The proceeds of the sale shall be applied (1) to the payment of the expenses thereof; (2) to the payment of the expense of retaking, keeping and storing the goods; (3) to the satisfaction of the balance due under the contract; and (4) any remaining sum shall be paid to the buyer. Section 21. If there is a deficiency the seller may recover the same from the buyer. Section 22. Sections 23, 24 and 25 fix penalties for a failure of the seller to comply with the terms of the act in the matter of resale after taking possession for default. Section 26 provides:

"No act or agreement of the buyer before or at the time of the making of the contract, nor any agreement or statement by the buyer in such contract, shall constitute a valid waiver of the provisions of sections 18, 19, 20, 21 and 25."

Under this law the transaction is treated somewhat as a chattel mortgage, with a power of sale in mortgagee. The seller cannot arbitrarily retake the property and claim it as his regardless of what he may have received thereon, as he could do before this law was passed. He cannot now, as he formerly could, retake the property and retain all payments made by the buyer, as was done in *McArthur* v. *Hagihara,* 22 Ariz. 100, 13 A. L. R. 1038, 194 Pac. 336. The law places certain duties and obligations upon the seller which he may not shirk, nor can he avoid them by exacting or receiving from the buyer a

promise of immunity. The purpose of the law was to protect the buyer, the seller in such transactions not usually needing protection.

The provision in this law forbidding the buyer to enter into any contract of waiver is a declaration by the legislature of a public policy, and under the decisions one may not contract contrary to such policy. *Desseau* v. *Holmes,* 187 Mass. 486, 105 Am. St. Rep. 417, 73 N. E. 656; *Massilon Engine & Thresher Co.* v. *Wilkes* (Tenn.), 82 S. W. 316; *Crowe* v. *Liquid Carbonate Co.,* 208 N. Y. 396, 102 N. E. 573.

It is apparent that if the buyer may, either in the conditional contract of sale or in notes given for the purchase price, bind himself with a stipulation to forfeit all payments and surrender the property in case of default, the old evil attempted to be done away with by this legislation still exists. As we read this act, it is intended that the seller shall observe the provisions of the act, in all cases where the buyer has paid fifty per cent or more of the purchase price, without any demand to do so, and in all other cases he shall do so when it is demanded by the buyer. While the defendant in this case had not at the time of default paid fifty per cent of the agreed purchase price, it was stipulated upon the trial "that the sale was legal and in accordance with the requirements of the Conditional Sales Act as recorded in the Session Laws of Arizona, 1919, c. 40." We must presume from this stipulation that defendant demanded the sale of the property at public auction and the observance of the Uniform Conditional Sales Act generally. In the absence of this law, the stipulation in the notes relied upon by the defendant might raise a very serious question.

It is difficult to determine upon what theory the court entered judgment for $75 for attorney's fees. The item is not taxed as costs, and there is no allega-

tion in the answer upon which to base it, nor was there any evidence introduced to support such a charge. We know of no rule nor of any statute that would authorize the allowance of attorney's fees to the winning party to be taxed against the loser. The legislature has not seen fit to give the successful litigant an attorney's fee in all kinds of cases, and certainly not in this kind. As we understand the rule, attorney's fees cannot be recovered from the losing party unless authorized by statute or by an express agreement of the parties. Since no law nor authority exists that would authorize the entry of the judgment for attorney's fees, it was error for the court to enter such a judgment. The judgment of the court should have been in favor of the plaintiff for the deficiency, after crediting all payments and applying the amount realized upon the sale of the automobile truck, instead of the judgment that was entered.

The judgment is therefore reversed and the cause remanded, with directions that judgment be entered for the plaintiff in accordance with this opinion.

McALISTER, C. J., and LYMAN, J., concur.