141 So. 721

ASSETS REALIZATION CO. v. GANUS.

4 Div. 801.

Court of Appeals of Alabama.

April 5, 1932.

Rehearing Denied May 10, 1932.

114

Powell, Albritton & Albritton, of Andalusia, for appellant.

C. B. Fuller, of Opp, for appellee.

BRICKEN, P. J.

This action of trover originated in the justice of the peace court wherein appellee sued appellant for the conversion of an automobile chassis. From an adverse decision, the appellant appealed to the circuit court. And, from a like judgment in the circuit court, this appeal was taken.

There are several propositions of law pertaining to a proceeding of this character, which may be briefly stated as follows:

1. Conversion is the gist of an action of trover; and to support the action the plaintiff must have a title, general or special, in the property and the possession thereof, or the immediate right of possession at the time of the conversion. Albertville Trading Co. v. Critcher, 216 Ala. 252, 112 So. 907; McArthur Brothers Mercantile Co. v. Hagihara, 22 Ariz. 100, 194 P. 336, 13 A. L. R. 1038.

2. To constitute a conversion there must be a wrongful taking, or a wrongful detention, or an illegal assumption of ownership, or an illegal user or misuser. Beall v. James Folmar Sons & Company, 122 Ala. 414, 26 So. 1; Moebes v. Garth, 210 Ala. 201, 97 So. 703.

3. Under a conditional sales contract, title to the property sold does not pass until the installments are fully paid. Davis v. Millings, 141 Ala. 378, 37 So. 737.

4. When any condition of such contract is broken, or upon the happening of any specified event, the original vendor's rights become perfect and absolute, and he may repossess the property wherever it may be. Davis v. Millings, supra; Stowers Furniture Co. v. Brake, 158 Ala. 639, 48 So. 89.

5. The assignee of a conditional sale contract stands in the shoes of the vendor with the same rights and powers, and is entitled to the same protection. Garrison v. Hamlin, 215 Ala. 39, 109 So. 106.

6. A demand in trover is necessary where the original taking was rightful. Dixie v. Harrison, 163 Ala. 304, 50 So. 284; Louisville & Nashville Railroad Co. v. Kauffman & Co., 141 Ala. 671, 37 So. 659.

The facts as shown by the record are substantially as follows:

On May 31, 1930, appellee purchased an automobile from the Opp Motor Company, executing, for the purchase price of same, a conditional sales contract to secure the sum of $247.80, balance due on purchase price. In the contract, the vendor, Opp Motor Company, reserved title to said automobile until the purchase price was fully paid.

The contract also contained the following provision: "It is agreed that if the purchaser fails to pay any note or installment, when due, or fails to keep any agreement herein contained or if he has made any misrepresentation in noting the purchase, or if said automobile is damaged, destroyed, or stolen, the vendor may at its option, declare all of the indebtedness above mentioned to be immediately due and payable and may take immediate possession of said automobile, wherever found and without process of law, and all rights of the purchaser hereunder in said automobile shall cease and terminate thereupon absolutely, and all previous payments shall be retained by the vendor as rent for and depreciation of said automobile."

The contract also contained the further provision that: "Purchaser agrees to keep said automobile and its equipment insured for its full and insurable value against loss or damage by fire or theft, with loss payable to vendor as his interest may appear."

In said contract it was further agreed: "* * * That the assignee of vendor shall be entitled to all of the rights of vendor."

It appears that this contract was purchased by appellant for value, and was indorsed, transferred, and delivered to it on the 31st day of May, 1930, and that the car was damaged by fire on July the 25th, and appellant was notified of such damage. After appellant was notified of the fire, its agent, one H. B. McConnell, went to Opp, Ala., found the car in a garage, and took possession of it on August the 1st, before he ever saw the appellee. After taking possession of the car, appellant's agent, McConnell, went to see appellee at the mill where he was working. At this meeting there was an agreement between appellant's agent and appellee with reference to the return of appellee's notes and the possession of the chassis. According to appellant's contention, it was agreed that appellant would return appellee his notes, and that appellant would keep the chassis. Appellee contended that the notes and the chassis were to be returned to him. At the time of the alleged agreement no money was paid, no promises were made, no valid obligations released or incurred by either party; the agreement resting merely upon a bare statement or promise by both parties. After this meeting appellee went to the Opp Motor Company and demanded that it return the chassis to him. The evidence does not disclose any demand upon appellant, the Assets Realization Company. The Opp Motor Company refused to deliver the chassis to appellee, and he brings this action of trover for the conversion of same. At the trial of the cause, appellant requested the affirmative charge under the foregoing facts, which was refused by the court.

In the oral charge, the court properly charged the jury as follows:

"There is no dispute between the parties that this automobile was bought by Mr. Ganus, the plaintiff, and that he gave what, in law, is termed as a conditional sales contract, reserving the title of the automobile until it was paid for, in the Opp Motor Company, and that that contract was transferred by the Opp Motor Company to the Assets Realization Company, so under the terms of that contract the Assets Realization Company had the title to that automobile until it was paid for.

"Now it is not contended by the plaintiff in this case, W. R. Ganus, that the automobile had been paid for. There is no dispute that the purchase price had not been paid but the plaintiff contends that after the automobile was burned that there was an agreement of settlement reached between them by which his notes were surrendered to him and the automobile turned back to him. That is the only question in this case."

██ Whatever conflict there may have been in the evidence, as contended by appellee, there are two propositions of fact without dispute, and which, in our opinion, are conclusive of this case. First, the evidence is without dispute to the effect that appellant's witness, McConnell, had no authority from his principal to surrender the chassis in question to appellee; and (2) the alleged agreement to return the chassis to appellee was without consideration, and, in order to render an agreement, written or oral, valid, there must be a consideration to support it. The purported agreement, even if made, was therefore void and of no force and effect. Lynch et al. v. Sable-Oberteuffer-Peterson, Inc., 122 Or. 597, 260 P. 222, 55 A. L. R. 180. In the foregoing case, the conditional vendor repossessed the automobile under the terms of the conditional sales contract and sold it. The conditional vendee sued the vendor for conversion alleging that at the time of the repossession the vendor's agent agreed to hold the car for the vendee and return it to him upon the payment of the balance due under the contract. The Supreme Court held that if such promise was made it was without consideration, and therefore void. The case at bar, we think, is analogous to, and falls within the influence of, the Lynch Case, supra.

In the court below the plaintiff, appellee here, failed to make out his case. As a matter of law it affirmatively appears he had neither the legal title nor the immediate right of possession to the property in controversy at the time of the alleged conversion. The court should have so charged the jury as requested by the defendant in writing, and the failure to give the charges requested on this point was error.

Other questions are presented by respective counsel, but need not be discussed.

The judgment of the lower court from which this appeal was taken is reversed, and judgment is here rendered for appellant.

Reversed and rendered.