218 P.2d 870

GUERIN v. HIGGINS et al.

No. 5074.

Supreme Court of Arizona.

May 22, 1950.

Baker & Whitney, of Phoenix, John G. Evans, of San Francisco, Cal., for appellants.

Jennings, Strouss, Salmon & Trask, of Phoenix, for appellee J. C. Higgins.

Douglas H. Clark, of Phoenix, for appellee Harold Freeland.

PHELPS, Justice.

The parties will be referred to in this opinion as plaintiffs and defendants according to the record in the trial court.

Plaintiffs were engaged in construction work in a number of western states as a copartnership under the names of Guerin Brothers with their principal place of business located in San Francisco, California. They also buy, sell, repair, recondition and rent equipment including caterpillar tractors used in heavy construction work.

In March, 1947, plaintiffs filed two separate replevin actions in the Superior Court of Maricopa County, one against defendant Harold Freeland, to recover possession of a caterpillar tractor serial No. 1H949, and one against J. C. Higgins seeking possession of a caterpillar tractor, serial No. 1H2862. They took possession of both tractors but defendant Higgins filed a forthcoming bond and retained possession of the tractor involved in that cause of action. The two causes of action were consolidated for trial and by stipulation the records were consolidated on this appeal.

The amended complaints upon which plaintiffs went to trial contained the usual allegations required in an ordinary replevin action, alleging that plaintiffs were the legal owners of the tractors in question and that they were entitled to the possession thereof and that defendants wrongfully retained possession of the same and asked for their possession or for their value and for damages for their wrongful detention.

Defendants filed similar answers denying the material allegations of the complaints except that they admitted that they were in possession of the equipment described in the respective complaints and alleged as affirmative defenses that in November, 1945, one Vergil Grove of Los Angeles had, by written agreement, purchased the equipment involved from the plaintiffs upon the terms and conditions set forth in said written agreement; that Grove sold the equipment to one J. F. Hood (Blythe, California) through whom defendants derived their title; and as a further separate defense they alleged plaintiffs were estopped to claim ownership of said tractors because they had given possession thereof to Grove under circumstances which would induce him and others to believe that he was the owner thereof and had the right to transfer title thereto to others; and as a further separate defense they alleged that the price plaintiffs charged Grove for such equipment were in excess of the ceiling price established by the Office of Price Administration and that consequently said contracts of sale were illegal and void and that a subsequent written agreement between plaintiffs and Grove for the rental of the same equipment was likewise illegal and void because it was in violation of the Emergency Price Control Act of 1942 as amended, 56 Stat. 23, Title 50 U.S.C.A. Appendix, § 901 et seq.

Defendants further filed cross complaints against plaintiffs incorporating therein in substance the allegations contained in the affirmative defenses above set forth and alleged that plaintiffs, cross-defendants therein, had wrongfully, wilfully, maliciously and oppressively filed the instant causes of action for recovery of possession of said tractors and threatened to and did take possession of said property which made it necessary for defendants to incur large expenses as a result thereof and prayed for the recovery of compensatory and punitive damages.

Plaintiffs denied generally and specifically all of the allegations of the cross complaint except that they admit they demanded possession of the tractors in question and assert that they in good faith prosecuted the instant causes of action to recover possession thereof.

The causes of action as consolidated were tried to a jury and a verdict in favor of defendants was rendered both on the complaint and on the cross complaint. From the judgment entered thereon and from an order denying plaintiffs' motion for a new trial and denying plaintiffs' motion for judgment notwithstanding the verdict this appeal is prosecuted.

Plaintiffs have presented for our consideration 23 assignments of error based upon various questions of law which we believe can be resolved into the following simple propositions:

1. What was the legal status of the tractors in question in the possession of Grove?

This of course must be determined by an interpretation of the agreements between plaintiffs and Grove under which possession was given to him.

2. Assuming that the agreements between plaintiffs and Grove violated the Emergency Price Control Act of 1942 or the regulations of the Office of Price Administration and are therefore illegal and void, are plaintiffs barred from maintaining these replevin actions against defendants for possession of such tractors?

It is our view that an answer to these questions will have the effect of solving all the pertinent issues presented.

There seems to be no dissent to the proposition that the legal status of the tractors involved in the possession of Grove must be determined by an interpretation of the terms of the contract under which he came into possession thereof according to the laws of the state of California where the contracts were made and possession delivered. That state has no Uniform Conditional Sales Act and it is not necessary there to record or give public notice of a conditional sales contract or of a lease of personal property. California does have, however, a Uniform Sales Act found in California Civil Code, section 1721 et seq. Section 1738 provides that:

"(1) Where there is a contract to sell specific or ascertained goods, the property in them is transferred to the buyer at such time as the parties to the contract intend it to be transferred.

"(2) For the purpose of ascertaining the intention of the parties, regard shall be had to the terms of the contract, the conduct of the parties, usages of trade and the circumstances of the case."

It then lays down the following rule, section 1739, Rule 1, that: "Where there is an *unconditional contract* to sell specific goods, in a deliverable state, the property in

the goods passes to the buyer when the contract is made, and it is immaterial whether the time of payment, or the time of delivery, or both, be postponed." (Emphasis supplied.)

Plaintiffs claim that the Court of Appeals and the Supreme Court of California in the case of Guerin et al. v. Kirst, Cal. App., 188 P.2d 509, 510; Cal.App., 192 P.2d 120 and 33 Cal.2d 402, 202 P.2d 10, 7 A. L.R.2d 922 have definitely settled the first question for us in a case involving the construction of the identical contract here in evidence as "Defendants' Exhibit No. 2" which reads as follows:

"11–7–45

"I Hereby agree to buy one Cat & unit Serial 7401 to be bought as rent at terms of $1,000 down $1,000 each month for 7 months & one payment of $500.

"One Cat & unit & 'A' frame Serial No. 1H-949 & one R-U-Carryall # 12 S7747 for payment of $1,500. down and 13 payments of $1,000 and one payments of $500. After said payments are made in full said buyer H. T. Guerin Bro. agree to furnish me Vergil Grove with Bill of Sale for said equipment.

"Interest on defered Bal at 8%
    "Guerin Bros. by H. T. Guerin
    "Vergil Grove
"Received $2,500
  "11–7–45
  "H. T. Guerin"

and that both courts have held that it is a conditional sales agreement and therefore did not have the effect of transferring title to Grove. Defendants, on the other hand, contend that the nature of the above agreement was not an issue in that case before the Court of Appeals and that "no examination of the contract nor of the intention of the parties in entering into it was apparently made."

We cannot agree with this position. Defendants in making the above reference are discussing the opinion of the Court of Appeals of California, 192 P.2d 120, supra. Since that opinion was rendered, however, the Supreme Court of California passed upon the question and at page 12 of 202 P.2d, made the following pronouncement: "* * * Grove wrote by hand a conditional sales agreement, (Defendants' Exhibit 2 here) which covered also another secondhand tractor (serial No. 1H949) and a carryall, and which was signed by both parties. * * *" and on page 13 of 202 P.2d thereof referring to a lease agreement between plaintiffs and Grove subsequently executed but bearing the same date as the conditional sales agreement covering the same equipment, and being identical with Defendants' Exhibit 3 in evidence, that court said: "Grove signed this latter document and made payments in connection with the transaction in the total amount of $5,500.00, the last under date of January 23, 1946. To be noted with respect to these two agreements bearing the same

date are these parallel considerations: both relate to identical equipment; both call for aggregate payments of $23,500.00; both specify monthly payments in the amount of $2,000.00; both stipulate interest at 8 per cent on deferred payments; and both provide that Grove should own the itemized machinery upon fulfillment of the agreed terms."

Thus it will be seen that whatever consideration the Court of Appeals may have given to the nature of the original agreement the statement of the Supreme Court concerning it and denominating it a "conditional sales agreement" was more than a passing observation. It showed conclusively that the court considered the nature of the instrument and found it to be a conditional sales agreement and the title to the equipment, therein described, at all times remained in the plaintiff.

Even though we were persuaded that the determination by the Supreme Court of California of the legal status of the equipment in question in the possession of Grove is not binding upon us we would feel constrained to reach the same conclusion.

The argument advanced by defendants that the subsequent lease agreements were executed for the purpose of circumventing the regulations of the Office of Price Administration fixing the ceiling price on the equipment sold at a much lower amount than they charged Grove for it is not persuasive. Title 50, U.S.C.A.Appendix, § 904 of the Emergency Price Control Act expressly prohibits such an evasion. If the transaction was in fact a sale the lease agreement would avail plaintiffs nothing. Their position would be exactly the same as it was under the sales contract. The conduct of the parties therefore in executing the lease agreement is a circumstance of the case properly to be considered in arriving at the intent of the parties relating to the transfer of title to the tractors. The fact that in both agreements the provision was written by Grove himself, that bill of sale was to be delivered to him after all the payments had been completed or as one of the agreements said, after the payments had been made in full, indicates to our mind that the parties intended the title to remain in the plaintiffs until such payments were made. The statement of this court in McArthur Bros. Mercantile Co. v. Hagihara, 22 Ariz. 100, 194 P. 336, 337, 13 A.L.R. 1038 to the effect that " * * * The provision in the contract that when the purchase price is paid in full a bill of sale will be given is utterly inconsistent with the claim that the title was to pass when the agreement was made or that there was an absolute sale" was dealing squarely with language like that used here and regardless of other provisions of the contract unequivocally declared it to be inconsistent with an absolute sale.

While it is true that under the California Uniform Sales Act the court may always inquire into the question of

when the parties to the sale intended title to pass, it is limited in its inquiry (a) to the terms of the contract, (b) the conduct of the parties, (c) usage of trade, and (d) circumstances of the case. We believe the language employed in this agreement is unambiguous and evidences an intent that title should remain in plaintiff until the purchase price was fully paid. The provision of the California Uniform Sales Act to the effect that the property in goods passes to the buyer when the contract is made, whether the time of payment or the time of delivery, or both, be postponed does not apply to a conditional sales agreement. It is expressly limited to an unconditional contract to sell. We are definitely of the opinion as above indicated that the original contracts in these cases, between plaintiffs and Grove, are conditional sales agreements.

■■ It is a universal rule of evidence that where a written agreement is unambiguous parol evidence may not be received to alter or vary its terms. No authority is necessary to support this. Even under the provisions of the California Uniform Sales Law relied upon by defendants they could not under any circumstances go beyond the authority of the statute itself and inquire into the intent of Grove, the author of the contract in question. The inquiry under the California Statute was limited to the conduct of both parties and the circumstances of the case. The query was not what meaning Grove intended to convey by the language used by him but the inquiry should have been directed to the question of whether or not it was the intention of both parties thereto that title should pass at the time of the execution of the agreement. In this case that intent must be drawn from the language used, from the conduct of both parties and the circumstances of the case. The language used in these agreements must be construed most strongly against Grove. We therefore hold that the court committed reversible error in admitting evidence over the objection of plaintiffs as to what Grove intended the language used therein to mean and permitting him to testify to conversations leading up to the contract.

We will now proceed to a consideration of the second question. Assuming that the agreements between plaintiffs and Grove were in violation of the Emergency Price Control Act of 1942, as amended and of the regulations of the Office of Price Administration and therefore null and void, we again agree with the conclusion reached by the California Supreme Court in Guerin et al. v. Kirst, supra, to the effect that plaintiff has a perfect legal right to maintain the replevin action in the instant cases. The cases cited by defendants to the effect that " * * * no party may recover in an action where the right of recovery must rest in some manner upon the void contract" correctly states the law. All the authorities seem to be in accord with this view but as pointed out by the California court,

"* * * it is significant that plaintiffs did not rely upon their agreements with Grove to establish their right to recover possession of the tractor, but upon their prior untainted legal title thereto. * * * (Citing cases.)"

In the instant cases plaintiffs introduced in evidence a bill of sale from one Wes Durstan to them, dated January 15, 1945, conveying caterpillar tractor serial No. 1H949 to plaintiffs and a letter from Peterson Tractor & Equipment Company, San Francisco, confirming title in plaintiffs to caterpillar tractor serial No. 1H2862. This was to be used in lieu of a bill of sale according to the contents of the letter itself. It was upon these indicia of title that plaintiffs rested their cases and relied exclusively thereupon to establish their title and consequent right of possession to the tractors involved in this litigation. Plaintiffs' right to recover in nowise rested upon any of the terms of their contracts with Grove. Defendants plead and introduced in evidence the alleged illegal contracts. If the contracts between plaintiffs and Grove are void because of illegality they did not operate to divest plaintiffs of their legal title to the tractors. The authorities cited do not so hold. The principle upon which relief is denied to a party to an illegal contract is that the courts "* * * will leave the offender against the law exactly where he finds himself at the outset of the litigation * * *," Asher v. Johnson, 26 Cal.App.2d 403, 79 P.2d 457, 463. If, however, he can establish his title without reliance upon any of the terms of the illegal contract he has the right to do so as above stated.

We hold that plaintiffs clearly established their title to said tractors and right to possession thereof independently of their contracts with Grove. They in no way relied upon any provision of either such contracts to sustain their title. Therefore if we assume plaintiffs' contracts with Grove to be void, in prosecuting the instant actions plaintiffs do not fall within the inhibition of the law cited by defendants.

We agree with the holding of the trial court that no estoppel was shown to exist against plaintiff in these cases.

This court having reached the conclusion that the cases must be reversed upon grounds which foreclose defendants' rights to recover on the cross complaints we believe no useful purpose will be served by a discussion of the other assignments of error.

The judgment of the trial court is reversed with instructions for a new trial on the limited phase of ascertaining the value of the tractors at the date of trial and of establishing what damages, if any, the plaintiffs have sustained as a result of the detention of said tractors by the defendants.

LA PRADE, C. J., and UDALL, STANFORD and DE CONCINI, JJ., concur.