KNOTT ET AL., RAILROAD AND WAREHOUSE COMMISSIONERS OF THE STATE OF MISSOURI, v. ST. LOUIS SOUTHWESTERN RAILWAY CO.[1]

ST. LOUIS SOUTHWESTERN RAILWAY COMPANY v. KNOTT.

APPEALS AND CROSS-APPEALS FROM THE CIRCUIT COURT OF THE UNITED STATES FOR THE WESTERN DISTRICT OF MISSOURI.

Nos. 343, 344, 353, 354, 355, 356, 359, 360, 361, 362, 363, 364, 369, 370, 371, 372. Argued April 1, 2, 3, 1912.—Decided June 16, 1913.

Stipulations having been made that these suits should abide by the order, judgment and decree entered in other suits, no questions

----

[1] Fourteen other cases were argued simultaneously with this case and disposed of by this opinion. They are as follows.

No. 353. Knott, Railroad and Warehouse Commissioners, v. Missouri Pacific Railway Co.

No. 354: Missouri Pacific Railway Co. v. Knott.

No. 355. Knott v. St. Louis, Iron Mountain & Southern Railway Co.

No. 356. St. Louis, Iron Mountain & Southern Railway Co. v. Knott.

are presented for the consideration of this court by the records; and the appeals are dismissed.

Under such conditions the parties should apply to the court below in accordance with the stipulations to have decrees entered in these suits similar to those which this court has directed to be entered in the suits to which the stipulations refer.

THE facts are stated in the opinion.

These cases were argued simultaneously with the other *Missouri Rate Cases, ante,* p. 474 by the same counsel and on the same briefs.

Memorandum opinion by direction of the court.

By MR. JUSTICE HUGHES.—These suits, with ten others, were brought to restrain the enforcement of the freight-rate and passenger-fare acts of the State of Missouri passed in the years 1905 and 1907, as violative of the Federal Constitution. (See *Missouri Rate Cases,* decided this day, *ante,* p. 474).

Upon the hearing below, a stipulation was made in each of these eight suits, and orders were entered thereon, that it should abide "by the orders, judgment and decree that may be made and entered" in one of the other suits named, as follows:

The suit of the St. Louis Southwestern Railway Company was to abide that of the St. Louis, Iron Mountain & Southern Railway Company; the suits of the Missouri

No. 359. Knott *v.* Quincy, Omaha & Kansas City Railroad Co.
No. 360. Quincy, Omaha & Kansas City Railroad Co. *v.* Knott.
No. 361. Knott *v.* Wabash Railroad Company.
No. 362. Wabash Railroad Company *v.* Knott.
No. 363. Knott *v.* St. Joseph & Grand Island Railway Co.
No. 364. St. Joseph & Grand Island Railway Co. *v.* Knott.
No. 369. Knott *v.* Chicago, Milwaukee & St. Paul Railway Co.
No. 370. Chicago, Milwaukee & St. Paul Railway Co. *v.* Knott.
No. 371. Knott *v.* Chicago & Alton Railway Co.
No. 372. Chicago & Alton Railway Co. *v.* Knott.

Pacific Railway Company; the St. Louis, Iron Mountain & Southern Railway Company, and the Chicago, Milwaukee & St. Paul Railway Company, that of the St. Louis & San Francisco Railroad Company; the suits of the Wabash Railroad Company and the Chicago & Alton Railway Company, that of the Chicago, Burlington & Quincy Railroad Company; and the suits of the Quincy, Omaha & Kansas City Railroad Company and the St. Joseph & Grand Island Railway Company, that of the Chicago Great Western Railway Company.

The decrees below were entered in accordance with these stipulations. No questions for our consideration are presented by the appeals and cross-appeals in these cases. The remedy of the parties is to apply to the court below in accordance with the stipulations to have decrees entered in the respective suits similar to those which we have directed to be entered in the cases to which the stipulations refer. The appeals and cross-appeals are therefore dismissed.

*It is so ordered.*