HENRY QUELLMALZ LUMBER & MANUFACTURING COMPANY
*v.* BRINEY.

## Opinion delivered November 30, 1925.

1. STIPULATIONS—AGREEMENT TO ABIDE EVENT OF ANOTHER SUIT.—In case of suits actually pending, the parties may agree that one suit shall abide the event of another suit involving the same question.

2. STIPULATIONS—BINDING EFFECT.—In an action for conversion, where another suit was pending between the same parties, and rights therein were to be determined by the same contract, a stipulation entered into in an action for conversion to abide the result in another suit is conclusive, and the court properly directed a verdict in accord therewith.

Appeal from Clay Circuit Court, Western District; *W. W. Bandy,* Judge; affirmed.

### STATEMENT BY THE COURT.

J. R. Briney sued the Henry Quellmalz Lumber & Manufacturing Co., to recover the sum of $650, the value of 25,000 feet of oak logs alleged to have been taken by the defendant and converted to its own use.

The defendant denied that the plaintiff owned the logs, and by way of cross-complaint alleged that it had bought the logs from Geo. A. Burr and W. O. Poole without knowledge of the plaintiff's right to the logs.

The prayer of the cross-complaint was that, in case the defendant is held liable to plaintiff for the value of the logs, the judgment should be against said Burr and Poole.

During the pendency of the suit the parties entered into a stipulation as follows:

"It is agreed by and between Fuhr & Futrell, attorneys for the plaintiff, C. T. Bloodworth and Geo. A. Burr, attorneys for the defendants, F. G. Taylor, attorney for the plaintiff, that this cause abide by the decision of the Supreme Court of Arkansas, or the chancery court if no appeal is taken, in the case of *J. R. Briney* v. *Henry Quellmalz Lumber Co. et al.,* recently decided in the chancery court for the Western District of Clay County, Arkansas.

"That this cause remain on the docket until such time as a decision is reached in said cause by the Supreme Court of Arkansas, or in the event an appeal is not taken to the Supreme Court and the decision of the chancery court becomes final."

The decree in the case referred to in the stipulation was affirmed in 157 Ark. 336, under the style of *Henry Quellmalz Lumber & Mfg. Co. v. Briney.* In that case Briney had sued the Henry Quellmalz Lumber & Manufacturing Co. for an alleged balance due him upon a written contract for the manufacture and delivery of certain lumber. The suit was defended on the ground that the defendant was compelled to purchase a title superior to that of Briney from Geo. A. Burr and W. O. Poole, who had a lien for the purchase money on the timber out of which the lumber was manufactured. The court held that, under the contract introduced in evidence, Burr and Poole were estopped from asserting a lien on the logs.

The contract recites that Burr & Poole had conveyed the timber to a trustee in bankruptcy and that Briney had purchased the logs, which had been cut, from the trustee. The court therefore held that it was unnecessary for the Henry Quellmalz Lumber & Manufacturing Co. to purchase the timber from Burr & Poole, and the decree of the chancery court holding that Briney had title to the logs was affirmed.

The record shows that Briney acquired the logs in controversy in this case under the same contract as was involved in the chancery case, which was affirmed by this court as above stated. The circuit court directed a verdict in favor of the plaintiff, Briney, and only submitted to the jury the question of the amount of damages to be recovered by him. The case is here on appeal.

*C. T. Bloodworth,* for appellant.

*F. G. Taylor* and *Robert Fuhr,* for appellee.

HART, J., (after stating the facts). The circuit court was right in directing a verdict for the plaintiff. The

amount and value of the logs taken were shown by the undisputed evidence. The ruling of the court was based upon the stipulation which we have copied in our statement of facts. The stipulation in express terms provides that the case at bar shall abide by the decision of the Supreme Court in the chancery case referred to in our statement of facts.

It is well settled that, in cases of suits actually pending, the parties may agree that one suit shall abide the event of another suit involving the same question. *Webster* v. *Goolsby,* 130 Ark. 141; *Stone* v. *Bank of Commerce,* 174 U. S. 412; and *Knott* v. *St. Louis Sw. Ry. Co.,* 230 U. S. 509.

No contention is made by counsel for the defendant that this is not the law. His sole reliance for a reversal of the judgment is that the issues were not the same in the two cases. We can not agree with counsel in this contention. As we have just seen, a judgment entered upon the stipulation of the parties to a pending suit is in fact a judgment by consent. The record shows that the parties to both suits are the same, and in each suit their rights are to be determined by the same contract. The plaintiff in the present suit claimed the logs in each case under the same written contract, and the defendant claimed in each case that under this contract Burr & Poole had a lien on the logs, which was superior to the title of the plaintiff. The defendant bought whatever title Burr & Poole had, relying upon its being established in the courts as superior to that of the plaintiff. Hence the stipulation was entered into between the parties that the present suit should abide the result of the chancery suit.

The decree in the chancery case was affirmed in this court, and this settled the rights of the parties in the present suit. The issues of law in the two suits were precisely the same. Indeed it would seem that there was no use whatever in entering into the stipulation involved

in this suit if the title to the logs was not to be determined by the result of the chancery suit.

The question of the value of the logs converted by the defendant was submitted to the jury under proper instructions, and the finding of the jury on this point is supported by the evidence.

It follows that the judgment will be affirmed.