## MISSOURI *v.* MISSOURI PACIFIC RAILWAY CO.
### ET AL.

No. 824.   Jurisdictional statement submitted February 28, 1934.— Decided April 2, 1934.

14

*Messrs. C. B. Allen* and *Lee B. Ewing* filed the jurisdictional statement for appellant.

No appearance for appellees.

PER CURIAM.

This is a direct appeal to this Court from a decree of the District Court of the United States for the Eastern District of Missouri, entered May 6, 1933, in receivership proceedings, and allowing a claim of the State of Missouri for $7,000, as an unsecured obligation. The preference sought by the State was denied. The claim is founded upon alleged overcharges in railway passenger fares, exacted of the State of Missouri by the Missouri Pacific Railway Company during the years 1907 to 1913 inclusive, contrary to the provisions of the Missouri statute of 1907. In a suit to enjoin the enforcement of that statute, an interlocutory injunction was granted by the Circuit Court of the United States for the Western District of Missouri, and later a final decree made the injunction permanent. 168 Fed. 317. In 1913, on a direct appeal to this Court under authority of § 5 of the Judiciary Act of March 3, 1891 (c. 517, 26 Stat. 826, 827, 828; Jud. Code, 1911, § 238), the constitutional validity of the Missouri statute was sustained and the parties to the suit which embraced the Missouri Pacific Railway Company were directed to apply to the court below for the entry of an appropriate decree. *Missouri Rate Cases,* 230 U.S. 474; *Knott* v. *Missouri Pacific Ry. Co.,* 230 U.S. 509, 511. Thereafter, the District Court of the United States for the Western District of Missouri entered a decree dissolving the injunction and dismissing the bill, and appointing a master to hear claims for *ad interim* overcharges. No such claim appears to have been filed in that court by this appellant.

In 1915, in a suit in the District Court of the United States for the Eastern District of Missouri, a receiver was

appointed for the Missouri Pacific Railway Company, and, in 1916, the State of Missouri intervened in that suit and presented the claim which resulted in the decree from which the present appeal is taken.

Appellant contends that the decree should be treated as supplementary to that directed by this Court in *Knott* v. *Missouri Pacific Ry. Co., supra,* and as appealable directly to this Court because the decree in the *Knott* case was so appealable. *Arkadelphia Milling Co.* v. *St. Louis S. W. Ry. Co.,* 249 U.S. 134, 142.

The Court is of the opinion that it lacks statutory authority to entertain the appeal. The appeals in the *Missouri Rate Cases* and *Knott* v. *Missouri Pacific Ry. Co., supra,* were taken from decrees of the United States Circuit Court entered in 1909 and were authorized by those provisions of § 5 of the Judiciary Act of 1891, *supra,* providing for a direct appeal to this Court from the circuit (later, district) courts " in any case that involves the construction or application of the Constitution of the United States . . . and in any case in which the constitution or law of a State is claimed to be in contravention of the Constitution of the United States." By the Act of February 13, 1925 (c. 229, § 1, 43 Stat. 938), the provision for a direct appeal to this Court from the decree of a District Court in cases involving the construction or application of the Constitution of the United States, was deleted. While provision was retained for a direct review in this Court in cases involving an application for interlocutory injunction to prevent state officers from enforcing a state statute in violation of the Federal Constitution, this provision obtained only where the hearing in the District Court was before three judges, as provided by § 266 of the Judicial Code.

The appeal is dismissed for the want of jurisdiction. *Durousseau* v. *United States,* 6 Cranch 307, 314; *Ex parte McCardle,* 7 Wall. 506, 513; *Murdock* v. *Memphis,* 20

Wall. 590, 620; *The Francis Wright*, 105 U.S. 381, 384–386; *St. Louis, I. M. & S. Ry. Co.* v. *Taylor*, 210 U.S. 281, 292; *Luckenbach S.S. Co.* v *United States*, 272 U.S. 533, 536, 537.

*Dismissed.*