[Civ. No. 1207. First Appellate District.—June 16, 1913.]

## MABEL COOLIDGE, Respondent, v. RALPH O. AUSTIN, Appellant.

HUSBAND AND WIFE—ESTOPPEL OF WIFE TO CLAIM SEPARATE PROPERTY —ALLEGATION IN PLEADING.—The allegation of a married woman, in her complaint for a divorce, that certain personalty is community property, does not estop her from asserting that it is separate property in a subsequent action by her to recover it from one who purchased it from her husband after the commencement of the divorce, the purchaser not having knowledge of the pendency of the divorce proceedings.

ID.—SEPARATE PROPERTY—CONFLICTING EVIDENCE.—In such case it is for the trial court to determine which of her conflicting statements is true.

ID.—POSSESSION BY HUSBAND AS ESTOPPING WIFE TO CLAIM PROPERTY AS SEPARATE.—Proof that the wife left the property in the possession of the husband upon separating from him, unaccompanied by other *indicia* of ownership, does not establish an estoppel against her in favor of the purchaser.

ID.—POSSESSION OF PROPERTY AS CREATING ESTOPPEL AGAINST OWNER.— While it is true that one who clothes another with apparent title to personal property will be estopped from asserting ownership as against an innocent third party purchaser, yet, in order to create such an estoppel, something more is required than mere possession on the part of the alleged ostensible owner.

ID.—EVIDENCE—REJECTION BY COURT OF OWN MOTION.—It is the right of a trial court to reject, of its own motion, evidence which it believes to be immaterial to the issues being tried.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco and from an order refusing a new trial.   George H. Cabaniss, Judge.

The facts are stated in the opinion of the court.

Byron Ball, and Black & Clark, for Appellant.

Herbert Choynski, for Respondent.

LENNON, P. J.—The plaintiff in this action of claim and delivery secured a judgment, awarding her the possession or the value of certain personal property.   The plaintiff's complaint contained all of the allegations usual and necessary to the statement of a cause of action in claim and delivery.   The defendant by his answer denied all of the allegations of the complaint and in addition averred that he had acquired title to and possession of the property in suit by purchase in good faith for a valuable consideration from one W. H. Coolidge. Defendant further averred that he made such purchase without knowledge or notice of the fact that plaintiff had or claimed any title or interest in the property.

The trial court found that the property in controversy was valued at the sum of six hundred and ninety dollars, and that plaintiff was at all times the owner and entitled to the possession thereof.

These findings are sufficiently supported by the evidence upon the whole case.

The facts of the case are practically undisputed and briefly are as follows: The plaintiff and William H. Coolidge prior to the sale in question were husband and wife.   Plaintiff purchased the property in suit prior to her marriage and paid for it out of her separate funds.   The property consisted of a house-boat and its furnishings, and after said marriage were used and occupied by plaintiff and her husband in keeping house.   Some time prior to the sale of the property to the defendant plaintiff quarreled with her husband, and she then separated from him and left him in the sole possession of the property.   While in such possession plaintiff's husband, without her knowledge or consent, sold the property to the defendant for the sum of six hundred and ninety dollars.   It is an admitted fact in the case that the plaintiff prior to the sale

of the property instituted a suit for divorce against her husband, and that in the verified complaint in that action she alleged that the property in controversy here was community property.

Upon behalf of the defendant it is contended that the fact that the plaintiff had alleged under oath in the divorce action that the property in controversy was community property estopped her from claiming title as against the defendant in this action, and that the trial court should have so found.

In explanation of the allegation of her complaint in the divorce action the plaintiff testified that when that complaint was verified by her she did not know the meaning of the term "community property." This explanation apparently satisfied the judge of the lower court, and having satisfied him it must satisfy us.

The allegations of the divorce complaint touching upon the title to the property in suit here may have been strong evidence in rebuttal of plaintiff's testimony that such property was her separate estate. These allegations, however, were not conclusive upon the trial court, nor did they operate to estop the plaintiff from asserting in this action her separate and sole ownership of the property sued for: (*Snydacker* v. *Brosse*, 51 Ill. 357, [99 Am. Dec. 551].)

In brief, it was for the trial court to determine from all of the evidence which of the plaintiff's conflicting statements contained the truth.

The only remaining point presented upon this appeal involves a ruling of the lower court rejecting certain evidence offered by the defendant for the purpose of showing that William H. Coolidge was in possession of the property as ostensible owner at the time he sold it to the defendant. The trial court of its own motion objected to the proffered evidence upon the ground in effect that it was immaterial. The fact that the lower court of its own motion interposed the objection complained of is of no moment in determining the correctness of its ruling thereon. It is the undoubted right of a trial court to reject of its own motion evidence which it believes to be immaterial to the issues being tried. Upon the record before us the ruling appears to be free from error. The defendant's offer of proof was to the effect that William H. Coolidge, the husband of plaintiff, was in possession of the

property sued for as ostensible owner at the time of its sale to the defendant. The purpose of this offer was to show, as was stated at the time of its making, that the plaintiff was estopped from asserting a title to the property superior to that of the defendant. It was not claimed in the lower court that the plaintiff by any act of hers, other than by permitting her husband to remain in possession of the property, induced the defendant to believe that title was in her husband; nor was it claimed that the defendant was prompted to purchase because of anything that was said in plaintiff's complaint for a divorce. In fact it was shown that defendant had no knowledge of the pendency of the divorce action. While it is true that one who clothes another with apparent title to personal property will be estopped from asserting ownership as against an innocent third party purchaser, yet in order to create such an estoppel something more is required than mere possession on the part of the alleged ostensible owner. (*Warren* v. *Connor*, 5 Cal. Unrep. 537, [47 Pac. 48]; *Woodsum* v. *Cole*, 69 Cal. 142, [10 Pac. 331]; *Goldstone* v. *Merchants' Ice Co.*, 123 Cal. 625, [56 Pac. 776].)

As was said in the case of *Barstow* v. *Savage Mining Co.*, 64 Cal. 388, [49 Am. Rep. 705, 1 Pac. 349], "The mere possession of chattels by whatever means acquired, if there be no other evidence of property or authority to sell from the true owner, will not enable the possessor to give a good title."

It will thus be seen that proof merely of possession by the husband of plaintiff, unaccompanied by other *indicia* of ownership, would have been insufficient to establish the estoppel claimed here, and therefore such proof was wholly immaterial. In any event, the ruling was without prejudice to the defendant because plaintiff in effect subsequently admitted as facts in the case all that was sought to be shown by the defendant in his offer of proof.

The judgment and order appealed from are affirmed.

Kerrigan, J., and Hall, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on July 15, 1913.