[Civ. No. 4679.   Second Appellate District, Division One.—April 12, 1928.]

GENERAL SECURITIES CORPORATION, Appellant, v. REO MOTOR CAR COMPANY (a Corporation), Respondent.

W. W. Hindman for Appellant.

Dave F. Smith for Respondent.

WOOD (W. J.), J., *pro tem.*—Plaintiff and defendant presented to the trial court a stipulation of facts upon which

the court rendered judgment for defendant. In its findings the court adopted the language of the stipulation, omitting certain exhibits referred to therein. The findings are as follows:

"First: That the plaintiff herein is a corporation, organized under the laws of the state of California; that it is now, and has been for some years last past, engaged in the buying of conditional sales contracts on automobiles from dealers, who sell automobiles on conditional sales contracts and dispose of said paper. Second: That defendant has been for some years last past engaged in the selling in the state of California and elsewhere of automobiles known as the 'Reo,' and that it maintains an office in the city of Los Angeles, state of California, for that purpose. Third: That F. S. Stewart was, during the year 1921 and a part of the year 1922, in the city of Santa Maria, state of California, engaged in the business of buying and selling automobiles; and, during said time he had a place of business in said city, where he displayed such automobiles to the general public for sale; and during said period of time he bought many automobiles and sold the same to the general public in the ordinary course of business; all of which facts both the plaintiff and defendant knew. Fourth: That during said period of time, the said F. S. Stewart bought from the defendant herein several Reo automobiles, for cash and on conditional sales contracts, and sold them to the general public, with the knowledge of defendant. Fifth: That on the 8th day of November, 1921, the defendant herein delivered to said F. S. Stewart the car in litigation herein, on a conditional sales contract. Sixth: That said automobile was taken by the said F. S. Stewart of Santa Maria, displayed in his place of business for sale, and was on the 30th day of December, 1921, in the ordinary course of business, sold to one L. W. Clark, for valuable consideration, and on a conditional sales contract. Seventh: That on the said 30th day of December, 1921, and in the ordinary course of business, said conditional sales contract last above mentioned was for a valuable consideration sold to plaintiff herein by the said F. S. Stewart. Eighth: That prior to the purchasing of said contract, plaintiff had its agent at Santa Maria ascertain that the said F. S. Stewart was in posses-

sion of said automobile on the said 30th day of December, 1921, and that he had sold the same to the said L. W. Clark on said date under said conditional sales contract. Ninth: That neither the said L. W. Clark or this plaintiff knew on the said 30th day of December, 1921, or for some time thereafter, that the said F. S. Stewart did not own the said automobile, or that it had been purchased under said conditional sales contract from defendant, but believed that the said F. S. Stewart was the owner thereof, and entitled to sell the same. Tenth: That thereupon, and on said 30th day of December, 1921, the plaintiff and the said L. W. Clark had said automobile registered with the Motor Vehicle Department of the state of California. Eleventh: That the said L. W. Clark was in possession and use of said automobile for about three months, when it was taken to a garage (connected with the place of business of the said F. S. Stewart, but not owned or operated by him), for repairs; that defendant prior to the commencement of this action, found the said automobile at said place and took possession of the same. Twelfth: That all damages caused by the detention of said automobile are hereby waived. Thirteenth: That defendant, before taking said automobile, demanded the balance due on the conditional sales contract from F. S. Stewart. Fourteenth: That said defendant has never been paid by anyone the balance due on said conditional sales contract.''

On these findings the court erred in concluding that defendant was entitled to the possession of the property referred to therein. We have this day filed our decision in *General Securities Corporation* v. *Reo Motor Car Co.,* Civil No. 5800, *ante,* p. 16 [266 Pac. 516], in which it is held, on facts quite similar to the facts in the present case, that the defendant was not entitled to the possession of the automobile. In that case the same dealer, F. S. Stewart, had sold a car under circumstances showing that he had been given at least ostensible authority to make the sale as the owner. From the stipulation in the case now before us it is manifest that the defendant impliedly, if not expressly, authorized Stewart to sell the car to the public and to represent himself as its owner for this purpose. In the case above referred to, our Civil No. 5800, the law applicable to

these facts is discussed at some length. It is not necessary to repeat the discussion here other than to point out that there is ample authority to support the rule that "where the owner of the property clothes another with the apparent title to or power of disposition over it, and an innocent third party has thereby been induced to deal with the apparent owner in reference thereto," the true owner in such case is estopped from afterward asserting his title. (*Chase* v. *Whitmore*, 68 Cal. 545 [9 Pac. 942]; *Shirey* v. *All Night and Day Bank*, 166 Cal. 50 [134 Pac. 1001]; *Schultz* v. *McLean*, 93 Cal. 329 [28 Pac. 1053]; *Gardiner* v. *McDonough*, 147 Cal. 313 [81 Pac. 964]; *Carter* v. *Rowley*, 59 Cal. App. 486 [211 Pac. 267]; *Chucovich* v. *San Francisco Securities Corp.*, 60 Cal. App. 700 [214 Pac. 263]; Civ. Code, sec. 2317.)

Judgment cannot be rendered for the plaintiff on the findings of the trial court and upon the record as it comes from the lower court for the reason that it is not disclosed whether Clark, the purchaser of the car, was in default in his payments at the time of the commencement of the action. This point is not mentioned in the briefs and was doubtless inadvertently omitted by counsel. If Clark had made all his payments he would have been the proper party to sue; otherwise the plaintiff had a right of action. ▮ The pleadings show that the action is one of claim and delivery. Therefore the right to possession determines the right to demand the relief asked. The record is incomplete in other particulars. It cannot be determined therefrom in whose possession the car was left upon the rendition of the judgment and pending appeal. The record is silent as to the value of the property. We have only the allegation in the complaint that the car at the time of the commencement of the action was of the value of $2,000, and the allegation in the cross-complaint that its value was only $1,650.

By a stipulation recently filed in this court the information necessary to a termination of the litigation has been furnished. It appears therefrom that the car in question was on March 17, 1922, of the value of $1,650; that L. W. Clark was in default in his payments on said contract on March 17, 1922; and that the car has been sold under stipulation and the proceeds of the sale deposited in a bank pending the outcome of the litigation.

It is therefore ordered that the judgment be, and it is hereby reversed, with directions to the superior court to render judgment in favor of the plaintiff for $1,650, with interest thereon from March 17, 1922.

Houser, Acting P. J., and York, J., concurred.