[Civ. No. 5799.  Second Appellate District, Division One.—April 12, 1928.]

PALATINE INSURANCE COMPANY (a Corporation), Respondent, v. REO MOTOR CAR COMPANY (a Corporation), Appellant.

Loyd Wright and Charles E. Millikan for Appellant.

W. W. Hindman for Respondent.

WOOD (W. J.), J., *pro tem.*—This action was tried in the superior court at the same time as the case of *General Securities Corporation* v. *Reo Motor Car Co. of California, ante,* p. 16 [266 Pac. 575].  The facts are the same in the two cases except that in the instant case F. S. Stewart, the Reo dealer at Santa Barbara, executed a conditional sale contract for the automobile in question in favor of R. B. Stewart, reserving title in himself until the purchase price should be paid.  Defendant sold and delivered to F. S. Stewart the automobile in question on January 24, 1922, by conditional sale contract in which title was reserved in defendant.  F. S. Stewart displayed the automobile for sale in his place of business at Santa Barbara until February 1, 1922, when he sold to the General Securities Corporation the said conditional sale contract in which R. B. Stewart was the purchaser.  R. B. Stewart was the wife of F. S. Stewart, but this fact did not appear in the document.  The plaintiff in the present action carried insurance on the automobile at the instance and request of the General Securities Corporation, and has paid the General Securities Corpora-

tion a loss pursuant to the contract of insurance. Prior to the commencement of the action the General Securities Corporation assigned to plaintiff its rights under the contract. On February 12, 1922, F. S. Stewart was in default in his payment to defendant, and upon demand he delivered the automobile to defendant on February 27, 1922, by storing it in a garage in Los Angeles and sending the ticket to the defendant. Thereafter, defendant received the automobile from the garage where it had been stored. R. B. Stewart defaulted in the payments due under the contract sold to General Securities Corporation. The trial court rendered judgment in favor of plaintiff for the possession of the automobile or the sum of $1,500, the value thereof, in case delivery could not be had, and from this judgment defendant appeals. Other facts necessary to the consideration and decision of this appeal are the same as the facts in the case of *General Securities Co.* v. *Reo Motor Car Co., supra.* The same rules of law govern both cases. For the reasons therein stated, the judgment is affirmed.

Houser, Acting P. J., and York, J., concurred.

A petition by appellant to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on June 11, 1928.

All the Justices present concurred.