[Civ. No. 8043. First Appellate District, Division Two.—November 25, 1931.]

JOSIAH L. MARTIN, Appellant, v. W. C. HOLLINS et al., Defendants; HARRY COHN et al., Respondents.

Lynden Bowring for Appellant.

Loyd Wright and Charles E. Millikan for Respondents.

SPENCE, J.—Plaintiff brought an action in replevin seeking to recover possession of a portable motor generator set mounted on a trailer. The trial court gave judgment in favor of plaintiff for the recovery of possession of said equipment or its value in the sum of $6,500 with the proviso that the defendant Waldorf Productions, Inc., was entitled to possession thereof conditioned upon its depositing into court within five days the sum of $500 with interest for the benefit of plaintiff. Plaintiff appeals from that portion of the judgment providing for recovery of possession by said de-

fendant upon payment of said amount and also from the order of the trial court denying plaintiff's motion to set aside the judgment and to enter another and different judgment under sections 663 and 663a of the Code of Civil Procedure.

The essential facts are not disputed. The property involved was one of four generator sets originally sold by plaintiff to defendants Hollins and Arrousez under a conditional sales contract dated December 4, 1924, and providing for a total purchase price of $15,600. Said defendants Hollins and Arrousez were engaged in a general electrical contracting business and in selling and renting generator sets. These sets were rented to various motion picture studios by said defendants for a period of about eleven months and payments on the contract were made to plaintiff, bringing the balance due down to $4,500. On November 4, 1925, plaintiff consented to the sale by said defendants of two of said sets and a new conditional sales contract covering the two remaining sets was executed for the amount of said balance. About six months later without the knowledge or consent of plaintiff said defendants sold the set here involved together with another generator to defendant Waldorf Productions, Inc., for a cash consideration of $7,000. Hollins and Arrousez subsequently became insolvent and after their default in making the final payment of $500 which was due on August 4, 1926, plaintiff brought this action. The trial court found in favor of plaintiff and against the subsequent purchaser on the defense of authorization of said sale by plaintiff and also on the defense of estoppel. Nevertheless, the trial court found among other things that at the time said Hollins and Arrousez sold said generator set, the subsequent purchasers believed that said Hollins and Arrousez were the owners thereof and had no knowledge of the fact that plaintiff was the owner. The trial court concluded that the subsequent purchasers were entitled to possession in the event that they made the final payment of $500 together with interest and accordingly judgment was entered as above indicated.

█ Appellant contends that the judgment in his favor should have been absolute and that the trial court erred in entering a conditional judgment entitling respondents to possession upon payment of the balance due. In our opinion the judgment giving to respondents the right to

possession upon payment of the balance due was proper under the circumstances.

Much difficulty has been encountered in establishing just and equitable rules governing the respective rights of the owner of personal property and the innocent purchaser for value from the person possessing the property as agent, bailee, pledgee or conditional sales vendee of the original owner. Frequently such agent, bailee, pledgee or conditional sales vendee after wrongfully disposing of the property in his possession disappears or becomes insolvent and the question of the relative rights of his innocent victims becomes of the highest importance. The authorities in the various jurisdictions are not in accord.

Following the great weight of authority it has been held in this state that the mere fact that the owner delivers the possession of property to another is insufficient to create an estoppel against the owner and in favor of the innocent purchaser (10 Cal. Jur. 642; *Pacific A. Corp.* v. *Bank of Italy,* 59 Cal. App. 76 [209 Pac. 1024]; *Coolidge* v. *Austin,* 22 Cal. App. 334 [134 Pac. 357]; note, 25 L. R. A. (N. S.) 760), but that under certain circumstances when the owner holds out another or allows him to appear as the owner or as having full power of disposition over the property, the innocent purchaser will be protected. (10 Cal. Jur. 641; *Pacific Finance Corp.* v. *Hendley,* 103 Cal. App. 335 [284 Pac. 736]; *Democrat-Herald Pub. Co.* v. *Pettit,* 94 Cal. App. 724 [271 Pac. 910]; *General Securities Corp.* v. *Reo Motor Car Co.,* 91 Cal. App. 16 [266 Pac. 576]; *General Securities Corp.* v. *Reo Motor Car Co.,* 91 Cal. App. 22 [266 Pac. 579]; *State Finance Co.* v. *Isaacson,* 86 Cal. App. 113 [266 Pac. 580]; *Rapp* v. *Fred W. Hauger Motors Co.,* 77. Cal. App. 417 [246 Pac. 1067]; note, 47 A. L. R. 85.) In many of the cases where the innocent purchaser has prevailed it is not altogether clear whether the decisions are based upon circumstances from which actual authority is implied or upon circumstances negativing any actual authority express or implied but giving rise to an estoppel. (See note, 47 A. L. R. 85.) At any rate it is apparent that in the absence of express or implied authority the courts have been reluctant to extend the doctrine of estoppel because of the hardship ordinarily inflicted upon the owner who may have received little if anything for his property. On the other

hand, when the circumstances are insufficient to create an estoppel great hardship is ordinarily visited upon the innocent purchaser. This leads to the inquiry as to whether there is not some middle ground which the respective rights of the owner and the innocent purchaser from a conditional sales vendee may be determined.

Despite the very general use of conditional sales contracts this is a case of first impression so far as we have been able to ascertain. We have found no authority dealing with the propriety of a conditional judgment in an action between the owner and the innocent purchaser from the conditional sales vendee. The case of *McConnel* v. *Redd*, 86 Cal. App. 785 [261 Pac. 506], cited by appellant, is not in point as the rights of an innocent purchaser were not involved. In our opinion in the absence of express or implied authority to make the sale and in the absence of circumstances giving rise to an estoppel a conditional judgment such as we have under consideration is proper where a *bona fide* purchaser for value without notice of the original owner's title has purchased the property from the one in possession under a conditional sales contract with the owner. Such rule does no violence to any established rule or principle and is based upon justice and reason. Unless full payment with interest is made, the original owner obtains possession. If the innocent purchaser meets the condition and obtains possession, the owner receives the entire purchase price agreed upon together with interest and the innocent purchaser is penalized only to the extent necessary to fairly compensate the owner. The law has always endeavored to protect the rights of the innocent purchaser for value and such protection should readily be extended to those cases where no injustice is done to others. The estoppel rule, which entirely defeats the claim of the owner, still remains applicable in proper cases and the general rule, which entirely defeats the claim of the innocent purchaser, still remains applicable in the so-called ''mere possession'' cases where no conditional sales contract is involved.

Much is said in the briefs regarding the evidence and findings tending to create an estoppel. We deem it unnecessary to consider these matters as the trial court found against the defense of estoppel and respondent has not appealed. We further deem it unnecessary to consider the find-

ings of the trial court to the effect that appellant's "right of forfeiture was temporarily suspended".

Appellant makes the further point that the trial court erred in sustaining objection to his offer to prove the usable value of the property as a basis for damages for detention during the pendency of the action. We find no error in the ruling of the trial court as there was no allegation of general damage in plaintiff's complaint nor was there any prayer in the complaint for damages on account of such detention.

The judgment and order appealed from are affirmed.

Nourse, P. J., and Sturtevant, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on December 24, 1931, and an application by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on January 21, 1932.