245 P.2d 956

**HIGGINS v. GUERIN et al.**
**No. 5553.**

Supreme Court of Arizona.
June 23, 1952.

188

Jennings, Strouss, Salmon & Trask, of Phoenix, Attorneys for appellant.

Harold E. Whitney, of Phoenix, and Alexander B. Baker, Phoenix, of counsel, for appellees.

UDALL, Chief Justice.

This is an appeal by J. C. Higgins (defendant-appellant), from a judgment of the lower court determining the value of a certain caterpillar tractor owned by Guerin Bros. (plaintiffs-appellees) and awarding damages for its detention. The parties will hereafter be referred to as they were in the trial court.

The matter is before us for the second time. On the first appeal, Guerin v. Higgins, 70 Ariz. 219, 218 P.2d 870, 875 we reversed the judgment of the trial court in favor of defendant Higgins and held that plaintiffs, Guerin Bros., were the rightful owners of the tractor and equipment in dispute. The case was remanded for a new trial with directions to ascertain "the value of the tractors at the date of trial and of establishing what damages, if

any, the plaintiffs have sustained as a result of the detention of said tractors by the defendants." The basic facts are set forth in the original opinion.

Defendant Harold Freeland made no appearance at the second hearing, judgment went against him, and he is not a party to the present appeal.

Upon the retrial, the lower court, sitting without a jury, found the value of the tractor—as of the date of the first trial—to be $8500, and fixed damages for its detention at $10,000. Judgment for the plaintiffs and against the defendant for these amounts, with costs, was regularly entered on March 30, 1951, and upon denial of defendant's motion for a new trial this appeal was taken. The plaintiffs, prior to the entry of judgment, filed a formal election to take the value of the property in lieu of the property itself.

In reality but two problems are presented under defendant's four assignments of error and supporting propositions of law, viz: (1) the legal effect of a formal stipulation by counsel in the original trial as to the value of the tractor in question, i.e., whether such stipulation is conclusive and binding upon the parties throughout the litigation, and (2) whether the trial court erred in its method of computing damages which allegedly resulted in the awarding to plaintiff of grossly excessive damages that are disproportionate to the value of the property.

As to the first point: the original complaint in replevin alleged the Higgins tractor and accessories to be of the value of $8500, and the prayer was for recovery of said property or this sum, plus damages of $10,000 for its detention and costs. At the first trial it appears that due to the absence of plaintiff H. T. Guerin counsel were "hard put" to prove value, whereupon the following stipulation was entered into:

"Mr. Baker: If the court please, it was stipulated between counsel that the value of the equipment named in the case against J. C. Higgins was the sum of $6000.00 at the date of the trial. Is that correct?

"Mr. Trask: It may be so stipulated."

In keeping with this stipulation counsel for plaintiff submitted to the court a proposed jury instruction reading in part:

" * * * and in addition you shall assess and find the reasonable value of said equipment at the time of trial, *not to exceed the sum of $6000.*" (Emphasis supplied.)

Notwithstanding this state of the record, and despite the formal stipulation, the lower court at the second hearing, over the defendant's strenuous objection, permitted H. T. Guerin to testify that the fair market value of the equipment in question was $8500 on the date of the first trial, and this testimony was accepted by the court in its judgment as being the true value there-

190

of. In this jurisdiction we are committed to the rule that in assessing the value of the property the value should be that which the property has at the time of the trial. 77 C.J.S., Replevin, § 270, note 72; Coffey v. Williams, 69 Ariz. 126, 210 P.2d 959 and cases therein cited.

 The admission of this testimony is assigned as error. It is the contention of the defendant that the plaintiffs were bound by their formal stipulation to this ultimate question of fact as to value which was then an issue. The plaintiffs, however, seek to avoid the apparent conclusive effect of this stipulation by arguing that the same did not extend beyond the original replevin action where the value was "solely insignificant" or "incidental", and that under the mandate directing the lower court to find the value of the equipment on retrial they were at liberty to disregard the previous stipulation and offer such proof as was then available.

It is to be noted that the stipulation in question was not limited in time nor circumstances. The great weight of authority is to the effect that a stipulation such as was entered into in this case is conclusive throughout the litigation unless the parties, for good cause shown, are relieved by the court of its binding effect. In LeBarron v. City of Harvard, 129 Neb. 460, 262 N.W. 26, 32, 100 A.L.R. 767, a similar question was involved on the retrial of a case. The trial court ignored the stipulation and upon appeal the Nebraska Supreme Court reversed, stating:

"A stipulation by the parties as to the facts, so long as it stands, is conclusive between them, and cannot be contradicted by evidence tending to show the facts otherwise. (Citing cases.)

"Parties will not be relieved from stipulations in the absence of a clear showing that the matter stipulated is untrue, and then only if the application for such relief is seasonably made, and good cause is shown for granting it." (Citing cases.)

Similarly in Lappinen v. Union Ore Co., 224 Minn. 395, 29 N.W.2d 8, 17, a stipulation as to certain facts had been entered into at a hearing in an industrial commission matter; upon a second hearing before the full commission the stipulation was disregarded. The Supreme Court of Minnesota reversed the decision and held that the stipulation was conclusive, stating:

" * * * Unless stipulations are enforced, they are apt to prove a trap for even the most wary and circumspect, and that is precisely what would be the effect of the stipulation here if the commission could disregard it in deciding the question of the nature and extent of employee's disability.

"As long as a stipulation remains in effect it is binding not only on the parties, but on both the trial and appellate court." (Citing cases.)

For text statement and other cases in point, see: 50 Am.Jur., Stipulations, sec-

tions 9 and 13; Annotation 100 A.L.R. 775; Gonzales v. Pacific Greyhound Lines, 34 Cal.2d 749, 214 P.2d 809; Shell Oil Co. v. Industrial Commission, 407 Ill. 186, 94 N.E.2d 888; Pines v. Beck, 300 N.Y. 181, 90 N.E.2d 28.

In the instant case no effort was made by the plaintiff to be relieved of the effect of the stipulation. For the proper procedure a party should follow to accomplish this, see: 50 Am.Jur., Stipulations, section 14; Crunden-Martin Mfg. v. Christy, 22 Ariz. 254, 196 P. 454; LeBarron v. City of Harvard, supra; Webster v. Goolsby, 130 Ark. 141, 197 S.W. 286.

We hold that the original stipulation of the parties was binding and the value of the tractor was thereby fixed for the second hearing. Therefore the trial court erred in admitting the testimony of plaintiff H. T. Guerin as to the value of the tractor and in entering judgment for $8,500, instead of $6,000 in accordance with the stipulation.

The plaintiffs originally sold this tractor on a conditional sales contract to one Grove, who wrongfully sold it to an implement dealer in Blythe, California. The Blythe dealer resold the tractor to another implement dealer in Phoenix from whom the defendant innocently purchased it. On the retrial plaintiffs adduced evidence that the rental value of this particular tractor was $850 per month, upon which basis his total damages for the wrongful detention would amount to $41,338. The trial court, recognizing that this figure would be unconscionable, arbitrarily reduced it and entered judgment for $10,000 as the damages for wrongful detention.

Defendant, upon being served with the writ of repelvin, filed a redelivery bond under section 27–1604, A.C.A. 1939, thereby retaining the possession of the tractor. Section 27–1609, A.C.A. 1939, provides in part that if judgment is against the defendant and he is in possession of the property at the time, the judgment shall be for the value of the property, and damages for its detention and costs. Defendant contends that since the statute does not define "damages for detention", it must be construed in the light of common sense and by examination of the general law on the subject.

The measure of damages recoverable by the successful party in a replevin action is dependent upon a number of circumstances. The measure of damages where the successful party has only a special interest in the property is stated in 46 Am.Jur., Replevin, section 143:

"To permit a recovery by the successful party of the usable value during the time of detention, it must appear not only that the successful party had a legal right to use the property. but that he was in a position to use it and was prevented from such use

only by the wrongful detention thereof. Thus, a pledgee of property having no right to use it is not entitled to recover the usable value from one from whom he recovers the property in replevin. Similarly, a mortgagee of chattels having the right to possession only for the purpose of foreclosure cannot recover the value of their use if they are taken and detained from him."

See also, 77 C.J.S., Replevin, § 277, subsection B; Hickman-Williams Agency v. Haney, 152 Neb. 219, 40 N.W.2d 813; Tooz v. Tooz, 76 N.D. 732, 39 N.W.2d 257; Martin v. Hollins, 118 Cal.App. 561, 5 P.2d 899. Cf. Guerin v. Kirst, 33 Cal. 2d 402, 202 P.2d 10, 7 A.L.R.2d 922.

In Martin v. Hollins, supra, [118 Cal. App. 561, 5 P.2d 901], the California court had an identical problem presented to it. In that case the successful party sold four electrical generators on a conditional sales contract to the defendants, Hollins and Arrousez. Before paying the entire purchase price the conditional vendees sold the generators to an innocent purchaser, defendant Waldorf Productions. The lower court refused to allow damages for detention against the innocent purchaser and assessed as the plaintiff's damages the amount of the unpaid purchase price plus interest, which was affirmed on appeal in the following language:

"* * * Such rule does no violence to any established rule or principle and is based upon justice and reason. Unless full payment with interest is made, the original owner obtains possession. If the innocent purchaser meets the condition and obtains possession, the owner receives the entire purchase price agreed upon together with interest and the innocent purchaser is penalized only to the extent necessary to fairly compensate the owner. The law has always endeavored to protect the rights of the innocent purchaser for value and such protection should readily be extended to those cases where no injustice is done to others. * * *"

Plaintiffs contend that we have already decided this question by holding that the damage for detention is the usable value of the property, and cites in support thereof Palmer v. Kelly, 54 Ariz. 466, 97 P.2d 209, 210, especially the following quotation appearing therein from Hammond v. Thompson, 54 Mont. 609, 173 P. 229:

"'* * * In the absence of any allegation of special damages, the measure of damages for the wrongful detention of property which has a usable value, *as distinguished from its value for sale or consumption,* is the reasonable value of its use from the date of seizure to the time of the trial. [Citing cases].'" (Emphasis supplied.)

We do not think the above case adopts a different rule than the one in the Martin case, supra, but rather it recognizes an exception to the general rule that where the property has only value for sale or consumption a different rule would apply.

 It is the policy of the law in civil cases to award only those damages which will fairly and adequately compensate the injured party. In the instant case the tractor had value to the plaintiffs primarily for the purpose of sale, and by awarding them the value of the tractor plus interest at the contract rate they are made "whole" and the innocent purchaser is not unduly penalized. Plaintiffs, having sold and delivered control of the tractor, had only a security interest in the property and were not then entitled to the possession or use of it. We hold that plaintiffs were only entitled to judgment for the stipulated value of the tractor ($6,000) minus any payments made to them by Grove applicable to this particular tractor, plus interest at the contract rate from the date of default on the conditional sales contract to the date of judgment. This is their true measure of "damages for detention".

The judgment is reversed with directions to determine these amounts and then enter judgment for plaintiffs in accordance with the views herein expressed.

Reversed with directions.

STANFORD, PHELPS, DE CONCINI and LA PRADE, JJ., concur.