[Civ. No. 20140.   Second Dist., Div. Two.   Mar. 25, 1954.]

SAM GOLDMAN, Petitioner, v. SUPERIOR COURT OF
LOS ANGELES COUNTY, Respondent.

Armond M. Jewell for Petitioner.

S. Ernest Roll, District Attorney, Jere J. Sullivan and
Robert Wheeler, Deputy District Attorneys, for Respondent.

McCOMB, J.—This is a petition for a writ of prohibition
to restrain respondent court from trying petitioner on an
information charging him with violating section 496 of the
Penal Code (withholding or concealing stolen property).

166

■ Respondent has not filed a demurrer or answer to the petition or alternative writ of prohibition.* Therefore the facts as stated in the petition will be deemed admitted. (*Kirby* v. *Superior Court*, 68 Cal. 604, 606 [10 P. 119]; *Smith* v. *Superior Court*, 124 Cal.App. 685 [13 P.2d 400]; *cf.* Code Civ. Proc., § 1094.)

Applying this rule the facts are:

(1) Petitioner is an employee and general manager of the Muntz Car Company of California which is engaged in the retail sale of new and used cars in Los Angeles.

(2) In February, 1953, J. D. McCall purchased a 1953 Buick from the Chick Norton Buick Company at Tulsa, Oklahoma, under a conditional sales contract whereby the balance of the purchase price was payable in monthly installments.

(3) May 21, 1953, Mr. McCall sold the Buick to the Muntz Car Company of California at its place of business in Los Angeles. At the time of this sale Mr. McCall exhibited and delivered to the Muntz Car Company a State of Oklahoma certificate of title on the Buick which had been issued to him by the Oklahoma Tax Commission and which showed him to be the owner of the vehicle free and clear of any claims. Such purchase of the Buick automobile by the Muntz Car Company of California was in good faith for full value and without any notice by it or by petitioner that there was or might be any defect or impairment of title which Mr. McCall purported to convey. The purchase from Mr. McCall was transacted by a different employee of the Muntz Car Company than petitioner.

(4) June 12, 1953, the Muntz Car Company sold the Buick in the regular course of business to Lee Richman under a conditional contract of sale and without any notice of any defect or impairment of the clear title which it believed it had obtained from Mr. McCall.

(5) October 1, 1953, George Turner, an automobile repossession private detective employed by the Chick Norton Buick Company of Tulsa, Oklahoma, came to the Los Angeles office of the Department of Motor Vehicles and claimed on behalf of his employer the right to possession of the Buick and requested that office to assist him. Officers of the Los Angeles office of the Department of Motor Vehicles made an investigation during the course of which they conferred with

---

*Respondent filed points and authorities and presented oral argument at the time of the hearing.

petitioner and informed him of the inquiry concerning the Buick and that they did not think it was a stolen car, but that the title to the Buick might be clouded.

(6) On Saturday, October 3, 1953, at the request of petitioner Mr. Richman brought the Buick back to the lot of the Muntz Car Company and took another car in place thereof, at which time petitioner told Mr. Richman that the title to the car was clouded and there might be a civil suit since the person the company had purchased the car from was in jail in Fresno charged with embezzlement.

(7) October 5, 1953, three persons came looking for the car at the residence of Mr. Richman. On the same day Officer C. K. Barnes of the police department of the city of Los Angeles came to the premises of the Muntz Car Company seeking the Buick. He was accompanied by Mr. Turner above mentioned. At such time Officer Barnes had a conversation with petitioner and asked him the whereabouts of the Buick to which petitioner replied that he knew nothing about the automobile and that if there was an official inquiry petitioner wanted to speak to his attorney first but could not reach him that evening.

(8) On Tuesday, October 6, 1953, Officer Barnes filed a complaint instituting criminal proceedings against petitioner alleging violation of section 496 of the Penal Code.

This is the sole question necessary for us to decide:

*From the foregoing facts was the trial court justified in finding that there was reasonable and probable cause that petitioner was guilty of violating section 496 of the Penal Code?*

*No.* The following rules are here applicable:

1. "Reasonable or probable cause" means such a state of facts as would lead a man of ordinary caution or prudence to believe and conscientiously entertain a strong suspicion of the accused's guilt. (*People* v. *Nagle,* 25 Cal.2d 216, 222 [2] [153 P.2d 344].)

2. A bona fide purchaser for value, without notice, of property from a conditional vendee thereof may be permitted to retain the property bought from the conditional vendee on paying the conditional vendor the balance due under the terms of the original contract of sale. (*Guerin* v. *Kirst,* 33 Cal.2d 402, 411 [5] [202 P.2d 10, 7 A.L.R.2d 922]; *Martin* v. *Hollins,* (hearing denied by the Supreme Court), 118 Cal.App. 561, 565 [3] [5 P.2d 899].) Thus the innocent

purchaser from the conditional vendee has a conditional right to possession of the property which he has obtained for value and without notice, to wit, he has the right to keep the property and comply with the terms of the original contract at which time his right of possession becomes absolute.

Applying the foregoing rules to the facts of the instant case it is apparent that petitioner was a bona fide purchaser for value without notice of any defect in the title to the Buick automobile and as such was entitled to the conditional possession of the automobile which he might make absolute by complying with the terms of the original contract with the conditional vendor.

Therefore it is evident under rule 1, *supra,* that in the present case there was no evidence to lead a man of ordinary caution or prudence to believe or conscientiously entertain a strong suspicion of the guilt of the accused. There was thus no reasonable or probable cause to hold petitioner for trial.

*People v. Scott,* 108 Cal.App.2d 231 [238 P.2d 659], and *Bice* v. *Harold L. Arnold, Inc.,* 75 Cal.App. 629 [243 P. 468], relied on by respondent, are factually distinguishable from the case at bar and therefore are not here applicable. A mere reading of the cases shows the factual difference.

It is ordered that the alternative writ heretofore issued, by order of this court, be and the same is made peremptory.

Moore, P. J., and Fox, J., concurred.