NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

In the Matter of:

ELLEN H. GARDNER TRUST UNDER
AGREEMENT DATED DECEMBER 22, 1986

JAMES ELDEN GARDNER, JR., *Appellant*,

*v.*

FIRST INTERNATIONAL BANK & TRUST and CRAIG EALY;
DOTTYE OWEN GARDNER; LATISHA GUZMAN; DAVID GARDNER,
DAYTON GARDNER, BRANDON GARDNER, TAYLOR GARDNER,
CHELSEA HICKS, CAITLIN HARWARD, and STEPHEN K. GARDNER,
*Appellees*.

No. 1 CA-CV 15-0023
FILED 03-22-2016

Appeal from the Superior Court in Maricopa County
No. PB1999-005176
The Honorable Edward W. Bassett, Judge

**AFFIRMED IN PART, VACATED IN PART**

COUNSEL

James Elden Gardner, Jr., Mesa
*Appellant*

Tiffany & Bosco, PA, Phoenix
By Alisa J. Gray, Nora L. Jones, James A. Fassold
*Counsel for Appellees First International Bank & Trust and Craig Ealy*

Evans Dukarich LLP, Tempe
By Steven L. Evans, Gary Dukarich
*Counsel for Appellee Dottye Owen Gardner*

_____

**MEMORANDUM DECISION**

Presiding Judge Diane M. Johnsen delivered the decision of the Court, in which Judge Patricia A. Orozco and Judge Kenton D. Jones joined.

_____

**J O H N S E N**, Judge:

**¶1**　　　　James Elden Gardner, Jr. appeals from an order approving final payment of attorney's fees and costs to the law firm of the successor trustee of his mother's estate and authorizing the successor trustee to pay his late father's spouse for her attorney's fees as set forth in a settlement agreement, and an order declaring him a vexatious litigant. For the following reasons, we affirm the order approving final payment of attorney's fees and authorizing payment of attorney's fees but vacate the vexatious-litigant order.

**FACTS AND PROCEDURAL BACKGROUND**

**¶2**　　　　Gardner's parents created a trust in 1986 naming Gardner and his siblings as beneficiaries. The trust provided that upon the death of one of Gardner's parents, the trust would be divided into two sub-trusts, the "Survivor's Trust" and the "Decedent's Trust." Gardner's mother died in 1993. Upon her death, the Survivor's Trust was completely amendable and revocable by Gardner's father as surviving trustor. After Gardner's father married Dottye Owen Gardner ("Dottye"), he amended the Survivor's Trust to provide that all the survivor's assets would go to Dottye.

**¶3**　　　　In 2006, the superior court in PB1999-005176 (the "Probate Matter") appointed First International Bank & Trust ("FIB&T") as successor trustee of the Decedent's Trust. Gardner's father died in 2013. That same day, Gardner filed a complaint in superior court, CV2013-092755 (the "Civil Matter"), against Dottye, FIB&T, and related parties, alleging FIB&T improperly made principal distributions and failed to exercise its

2

affirmative obligations to marshal the Survivor's Trust's assets, and that Dottye had received assets to which she was not entitled.

¶4            At a settlement conference, Gardner and other trust beneficiaries, along with Dottye, FIB&T, and related parties entered into a settlement agreement.  The agreement authorized FIB&T to immediately liquidate all trust holdings and petition for modification of the trust terms to allow for termination of the Decedent's Trust upon completion of all administrative tasks and to distribute all the available assets to the beneficiaries.[1]  The parties also agreed to dismiss the Civil Matter.  The agreement permitted FIB&T to distribute $8,000 to Dottye as reimbursement for a portion of her attorney's fees and costs incurred in the Civil Matter.

¶5            FIB&T petitioned the court in the Probate Matter for an order approving the settlement agreement and modifying and terminating the Decedent's Trust.  Gardner filed a petition challenging the approval of the settlement agreement, which he later withdrew.  The court approved the settlement agreement and modified the terms of the trust agreement. Gardner again filed a petition challenging the settlement agreement and filed several related motions.  Dottye moved for an order to declare Gardner a vexatious litigant based on what she called Gardner's "voluminous," "frivolous and harassing" filings, all allegedly made in an "attempt to withdraw from the Settlement Agreement," which the trial court denied.

¶6            FIB&T then petitioned for an order approving the final distribution to the beneficiaries and releasing and discharging it as successor trustee, to which Gardner objected.  During the hearing on FIB&T's petition, the court granted an oral motion to declare Gardner a vexatious litigant.  The court ultimately approved FIB&T's proposed final distribution to the beneficiaries, approved final payment of attorney's fees and costs of $6,500 to the law firm representing FIB&T in the Probate Matter, authorized FIB&T to pay Dottye $8,000 for her attorney's fees as set forth in the settlement agreement, and released and discharged FIB&T as the successor trustee of the Decedent's Trust.

---

[1]      The trust called for the trustee to distribute 25% of the principal trust assets to the beneficiaries upon the death of Gardner's father, then distribute the remaining 75% four years later.

¶7          Gardner timely appealed.  We have jurisdiction pursuant to Arizona Revised Statues ("A.R.S.") sections 12-2101(A)(9), (A)(5)(b) (2016) and –2102(A) (2016).[2]

## DISCUSSION

¶8          In violation of the Arizona Rules of Civil Appellate Procedure, Gardner's briefs fail to list discernible issues, develop arguments, and cite authorities, statutes, or relevant parts of the record.  *See* ARCAP 13(a)(5)–(a)(7) (a brief shall contain a statement of facts, issues, and arguments with appropriate citations to authorities, statutes, and references to the record relied upon).  We have discerned Gardner's arguments as best we can and consider only those that are adequately supported by explanation, record citations or authority.  *In re Aubuchon*, 233 Ariz. 62, 64–65, ¶ 6 (2013).[3]

### A.          Attorney's Fees to Dottye.[4]

¶9          Gardner argues that Dottye negotiated in bad faith at the settlement conference and thus should "forgo the $8,000.00 bargained for in the agreement."  As best we can discern**,** Gardner argues he relied on Dottye's "false assertions" of poverty in agreeing that the trust could compensate her for legal fees she incurred defending the Civil Matter.  He contends that in reality, Dottye had received considerable assets from the Survivor's Trust but had failed to disclose them.

¶10          Gardner agreed at the settlement conference that the successor trustee would distribute $8,000 to Dottye as "reimbursement for a portion of her attorneys' fees and costs incurred in the Civil Matter."  Gardner admits in his briefs that he agreed the trustee could pay Dottye $8,000 "if she would reciprocate by facilitating the termination of the

---

[2]          Absent material revision after the date of the events at issue, we cite a statute's current version.

[3]          Unsupported arguments are waived.  *Ritchie v. Krasner*, 221 Ariz. 288, 305, ¶ 62 (App. 2009).

[4]          Dottye argues this court is without jurisdiction to consider an attorney's fees award to her in the amount of $10,500, but Gardner does not contest that award on appeal.

Trust immediately."  Parties are bound by their stipulations unless relieved therefrom by the court.  *Higgins v. Guerin*, 74 Ariz. 187, 190 (1952).[5]

**¶11**        In the superior court, however, Gardner never argued that Dottye negotiated the $8,000 payment in bad faith at the settlement conference.  Indeed, in response to FIB&T's petition for an order approving final distribution, Gardner agreed to the trustee's proposed distribution to Dottye of $8,000 as negotiated at the settlement conference.  Alleged errors not raised in the superior court cannot be asserted on appeal.  *See Trantor v. Fredrikson*, 179 Ariz. 299, 300 (1994).  Thus, we affirm the court's order authorizing the successor trustee to pay Dottye $8,000 from the Decedent's Trust as agreed to by Gardner.

**B.        Attorney's Fees to Successor Trustee's Law Firm.**

**¶12**        Gardner argues the Decedent's Trust could not pay $6,500 in attorney's fees to FIB&T's attorneys from the trust assets to complete the final trust administration because no statute, case law, or any provision of the trust or settlement agreement authorizes such payment.  Gardner also argues that the fees for the termination of the Decedent's Trust were the personal obligation of the successor trustee and its agent.  In support of this contention, Gardner argues the order of dismissal of the Civil Matter required all parties "to be responsible for their own attorney's fees."  We review an award of attorney's fees for abuse of discretion.  *In re Guardianship of Sleeth*, 226 Ariz. 171, 174, ¶ 12 (App. 2010).

**¶13**        Contrary to Gardner's assertions, section VIII(I) of the trust authorizes the trustee to pay attorney fees from the trust assets.  Moreover, Arizona statutes permit the trustee to exercise powers conferred by the trust and to compensate employees and agents of the trust.  A.R.S. § 14-10815(A)(1) (2016) (setting forth general trustee powers); § 14-10816(15) (2016) (setting forth specific trustee powers).  The Arizona Trust Code specifically allows reimbursement of a trustee for "reasonable fees, expenses and disbursement, *including attorney fees* and costs, that arise out of . . . the good faith defense or prosecution of a judicial . . . proceeding involving the administration of the trust[.]"  A.R.S. § 14-11004(A) (2016) (emphasis added).  Nothing in the settlement agreement prevents payment from trust assets as authorized by state law to FIB&T's attorneys for work performed in terminating the Decedent's Trust.  Finally, a requirement in

---

[5]        Agreements between parties in civil lawsuits are binding if their terms are in writing pursuant to Arizona Rule of Civil Procedure ("Rule") 80(d).

the Civil Matter that each party would bear its own attorney's fees has no bearing in the Probate Matter.

¶14 Finding no abuse of discretion, we affirm the ruling of the court approving final payment of attorney's fees and costs to FIB&T's attorneys.

## C. Vexatious-Litigant Order.

¶15 Gardner also argues there was no basis for the court to designate him as a vexatious litigant under Arizona Rule of Probate Procedure 10(G)(1)(a). As provided by that rule, a person designated as a vexatious litigant "shall obtain the court's permission to file future pleadings and other papers in the probate case or in other cases."[6] A vexatious litigant order essentially is a grant of injunctive relief. *Madison v. Groseth*, 230 Ariz. 8, 13 n.8, ¶ 16 (App. 2012). A trial court has "inherent authority to curtail a vexatious litigant's ability to initiate additional lawsuits." *Id*. at 14, ¶ 17.

¶16 In *Madison*, we adopted four principles governing when a court may impose pre-filing restrictions on a vexatious litigant: (1) the litigant must be given notice and an opportunity to oppose the order, (2) the court must list all cases and motions leading to the vexatious litigant order, (3) the court must make "substantive findings as to the frivolous or harassing nature of the litigant's actions," and (4) the order "must be narrowly tailored to closely fit the specific vice encountered." 230 Ariz. at 14, ¶ 18 (quoting *De Long v. Hennessey*, 912 F.2d 1144, 1148 (9th Cir. 1990)). We may vacate a vexatious-litigant order where the court fails to adhere to these principles. *Id*. at 14–15, ¶¶ 18, 21.

¶17 Here, at the hearing on FIB&T's petition for order approving final distribution, Gardner advised the court that he contemplated further filings regarding the trustee's alleged obligation to "marshal the survivor's trust." Gardner's stated intent to further litigate an issue that the court found had been resolved by the settlement agreement caused the court to grant an oral motion to declare Gardner a vexatious litigant. The court found that Gardner:

---

[6] Although the court made the vexatious-litigant ruling in a minute entry and not the final ruling, in an appeal from a final judgment, we may review all orders and rulings assigned as error. A.R.S. § 12–2102(A).

has engaged in vexatious conduct by habitual repetitive conduct that causes unreasonable delays in the proceedings and causes unnecessary expense. The Court previously determined that Mr. Gardner was acting in good faith. The Court cannot find that these actions continue to be undertaken in good faith. Accordingly,

IT IS ORDERED under Rule 10(G)(1)(a) that Mr. Gardner must obtain Court permission to file future pleadings in the probate case as well as other cases.

¶18      Although the court understandably was frustrated by Gardner's declaration that he would persist in seeking to undo the court's orders concerning administration of the trusts, nothing in the record gave Gardner notice before the hearing that FIB&T would make an oral motion to declare him a vexatious litigant. In making its ruling, the court did not list the cases and motions leading to the vexatious litigant order. Nor did the court make any substantive findings as to the frivolous or harassing nature of Gardner's actions. Finally, the order is not narrowly tailored, but restricts pre-filing in *all* cases, which restricts Gardner's fundamental right of access to courts. *Madison*, 230 Ariz. at 14, ¶ 17. Accordingly, we vacate the court's order declaring Gardner a vexatious litigant.

## CONCLUSION

¶19      For the foregoing reasons, we affirm in part and vacate in part. In our discretion, pursuant to A.R.S. § 14-11004, we award FIB&T its costs and reasonable attorney's fees upon compliance with Arizona Rule of Civil Appellate Procedure 21.



Ruth A. Willingham · Clerk of the Court
FILED: rt

7